422 P.2d 404

**Orville G. WISEMAN, Jr., dba Wiseman Animal Hospital, Appellant,**

v.

**Muriel H. YOUNG, a widow, Appellee.**

**No. 2 CA–CIV 265.**

Court of Appeals of Arizona.
Jan. 12, 1967.

**574**

Holesapple, Conner, Jones, McFall & Johnson, by Blair D. Benjamin, Tucson, for appellant.

Boyle, Bilby, Thompson & Shoenhair, by Richard M. Bilby, Tucson, for appellee.

HATHAWAY, Chief Judge.

Plaintiff-appellee, Muriel H. Young, filed suit against defendant-appellant, Orville G. Wiseman, Jr., for damages for personal injuries sustained by her on the premises of defendant's animal hospital. While leaving the animal hospital with a sick dog in her arms, plaintiff opened the door, stepped out and momentarily looked for the step-down, which she knew was near the door-sill (six inches from the doorsill). Then, the door, which automatically closed outward, swung shut, struck her on the back and knocked her over the step onto the pavement. The matter was tried to the court. Defendant appeals from the judgment which was entered in plaintiff's favor.

Defendant presents two questions for review: (1) Did the plaintiff establish negligence on defendant's part and (2) was it error to proceed to trial without a jury when the defendant attempted to withdraw a waiver of a jury, which waiver failed to comply with Rule 39 of the Arizona Rules of Civil Procedure, 16 A.R.S.

Plaintiff shields her judgment from defendant's first attack by arguing that although this is an open and obvious condition, it was momentarily forgotten and is unreasonably dangerous. Murphy v. El Dorado Bowl, Inc., 2 Ariz.App. 341, 409 P. 2d 57 (1965); Cummings v. Prater, 95 Ariz. 20, 386 P.2d 27 (1963). Defendant admitted that it was a common occurrence for his business invitees to carry their pets in and out of his premises. Admittedly, the step-down by the automatic outward closing door was an open and obvious condition. Reasonable minds could differ as to whether the step-down could be momentarily forgotten while patrons were physically and emotionally occupied with their pets; it could be unreasonably dangerous. The

question was properly left to the trier of fact.

Whereas the first question did not present error, the second question does. The plaintiff had demanded a jury trial in compliance with Rule 38. On the day preceding trial, counsel for the parties, acting on the advice and instructions of their respective clients, agreed to waive the jury and so advised the assignment clerk. Minutes later, defendant's counsel was notified by defendant's insurance carrier that a jury trial should be demanded. Defendant's counsel contacted the assignment clerk and communicated this desire. The assignment clerk advised defendant's counsel that the assignment judge had refused to allow the jury to be recalled. Prior to the initiation of trial, defendant renewed his objection to proceeding without a jury.

Rule 39, Arizona Rules of Civil Procedure, provides in part:

"When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded *shall* be by jury, unless: (Emphasis supplied)

"1. The parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury, or

"2. The court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist."

Rule 80(d), Arizona Rules of Civil Procedure, sets forth the general rule as to stipulations:

"No agreement or consent between parties or attorneys in any matter is binding if disputed, unless it is in writing, or made orally in open court, and entered in the minutes."

This court recently considered this matter in Mozes v. Daru, 4 Ariz.App. 385, 420 P.2d 957 (filed December 6, 1966).

Here, as in *Mozes*, there was no waiver of a jury trial in the manner prescribed by the Arizona Rules of Civil Procedure, i.e., written waiver filed with the clerk or an oral stipulation made in open court and entered in the record. Despite the local custom of waiving a jury trial by communicating such agreement to the assignment clerk, we think compliance with the rules in waiving a jury trial is as compelling as is compliance with the rules in demanding a jury trial. Cf. Smith v. Rabb, 95 Ariz. 49, 386 P.2d 649 (1963).

For the foregoing reasons, the judgment is reversed and the cause is remanded for a new trial.

KRUCKER and MOLLOY, JJ., concur.