Joseph E. SLEEMAN, Plaintiff,

v.

**CHESAPEAKE & OHIO RAILROAD COMPANY**, a Virginia corporation, Defendant and Third-Party Plaintiff,

v.

L. A. BARNABY (first name unknown), and Howard Parker, Third-Party Defendants.

Civ. A. No. 5086.

United States District Court
W. D. Michigan, S. D.

Feb. 1, 1967.

Rhoades, McKee & Boer, Grand Rapids, Mich., F. William McKee, Grand Rapids, Mich., of counsel, for plaintiff.

Law, Fallon, Weathers & Richardson, Grand Rapids, Mich., Paul O. Straw-

hecker, Grand Rapids, Mich., of counsel, Robert A. Straub, Detriot, Mich., for defendant and third-party plaintiff.

Cholette, Perkins & Buchanan, Grand Rapids, Mich., Grant J. Gruel, Grand Rapids, Mich., of counsel, for third-party defendants.

## OPINION

FOX, District Judge.

Defendant, C & O Railroad Company, demands a jury trial of all the issues raised by plaintiff's amended complaint, filed December 29, 1966, or in the alternative, trial by jury of all the new issues raised by the amended complaint.

Plaintiff filed his original complaint on July 9, 1965. Defendant waived its right to a jury trial with respect to all of the issues raised by the complaint by failing to demand a jury within the time prescribed by Rule 38 of the Federal Rules of Civil Procedure. Plaintiff's restatement in his amended complaint of the issues previously alleged in his initial complaint does not revive defendant's right to a jury trial of those issues.

In his original complaint, plaintiff alleged that the defendant was negligent "by failing to provide and maintain a safe place for the plaintiff to work." This allegation was repeated in his amended complaint, along with the following additions:

"(g) By failing to replace or repair lights when it was known or should have been known that said lights were not illuminated and created an unsafe condition in said parking lot.

(h) By failing to consult a traffic engineer or expert in designing, planning and constructing said parking lot.

(i) Negligently designing, planning and constructing an unsafe parking lot and thoroughfare for motor vehicles and pedestrians including defendant's employees.

(j) Failure to provide any patrolman or employees to supervise, direct and control motor vehicle and pedestrian traffic in said parking lot.

(k) Failure to provide in the design, planning and construction of said parking lot, a separate entrance and thoroughfare for trucks and other motor vehicles picking up or delivering freight so as not to interfere with pedestrian and regular automobile traffic."

In addition, plaintiff modified Paragraph 6 of his complaint to state that: "Plaintiff has suffered, and will continue to suffer *permanent* pain, disability and distress, and disfiguring scars," rather than "great pain," as originally asserted.

If there is any difference between the two complaints, it is a matter of degree or specificity, not substance. Plaintiff's additions and modifications in his amended complaint in no way change the basic issue of whether the defendant was negligent in failing to provide and maintain a safe place for the plaintiff to work. Indeed, they clarify the issue by specifying in some detail how the defendant violated its duty to the plaintiff. In the same fashion, "permanent pain" is much more precise and intelligible than "great pain."

In Speed v. Transamerica Corp., 103 F.Supp. 47 (D.C.Del., 1952), the court said:

"It has been held a party waives his jury trial when he did not request such as to a count which was not part of a complaint but which could be anticipated it may become part of the complaint. Gulbenkian v. Gulbenkian, 2 Cir., 147 F.2d 173, 158 A.L.R. 990. And, Fidelity and Deposit Company [of Md.] v. Krout, 2 Cir., 157 F.2d 912, decided that where a new count is based on the same issues as the previous counts as to which no jury was requested, that waiver would continue in effect also as to the new count." 103 F.Supp. 47–48.

Also, in 2B Barron & Holtzoff, Federal Practice and Procedure, § 873, pp. 35–6 (Rules Ed., 1961), the following observation was made:

"Since amendments are freely allowable, it has been held that an amendment of a complaint may completely change the issues and entitle the parties to trial by jury in a case in which before amendment, there was no right of jury trial. But an amendment will not entitle the adverse party to demand a jury trial which he had earlier waived with full knowledge of the real issues to be litigated."

Plaintiff's amendments have not changed the character of his suit; it remains as it was before. Defendant could have demanded a jury when plaintiff filed his original complaint; however, having failed to do this, defendant cannot now resurrect a right which has long since passed away.

Defendant's demand for a jury is denied.