Frank **LANZA**, Jr., et al., Plaintiffs,

v.

**DREXEL & CO.** et al., Defendants.

No. 64 Civ. 3557.

United States District Court
S. D. New York.

May 23, 1967.

Brennan, London & Buttenwieser, New York City, for plaintiffs.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendants Drexel & Co., John Ames Ballard and Bertram D. Coleman.

Emmet, Marvin & Martin, New York City, for defendant Theodore J. Kircher.

Alexander, Ash & Schwartz, New York City, for defendant Jack Friedman.

METZNER, District Judge.

Defendant Kircher has moved pursuant to Fed.R.Civ.P. 38(b) for an order to transfer this case from the nonjury to the jury calendar. Plaintiffs have submitted an affidavit in support of defendant Kircher's motion, and defendants Drexel & Co., John Ames Ballard, Bertram D. Coleman and Jack Friedman have submitted papers in opposition.

This suit is brought under § 10(b) of the Securities Exchange Act of 1934 and rule 10b–5 of the Securities and Exchange Commission.

■ Pleadings with respect to the original complaint were closed March 24, 1965. No timely jury demand was filed pursuant to Fed.R.Civ.P. 38(b). A note of issue was filed on December 17, 1965. On November 10, 1966 plaintiffs were granted permission by the court to file an amended complaint, to which defend-

ant Kircher filed an amended answer demanding a jury trial.

Rule 38(b) states that:

"Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue."

There is general agreement that where the 10-day period of rule 38(b) has run, an amendment of a pleading which does not introduce new issues will not entitle a party to a jury trial. 5 Moore, Federal Practice ¶ 38.41 (1966); 2B Barron & Holtzoff, Federal Practice & Procedure § 873, at 35–36 (1961). A jury trial may be had of any new issue pleaded. Lader v. Dahlberg, 2 F.R.D. 49 (S.D.N.Y.1941). There is some difficulty with the rule as it has been expressed because a legal issue can be narrowly or broadly defined. See Ridge Theatre Corp. v. United Artists Corp., 27 F.R.D. 8 (E.D.Pa.1961); Sleeman v. Chesapeake & O. R. R., 263 F.Supp. 117 (W.D.Mich.1967); Southern Equipment Co., etc. v. Christensen, 40 F.R.D. 126 (S.D.N.Y.1966).

In the instant case paragraph 13 of the complaint was amended to add to the originally alleged general statement of material falsity, the following:

"Specifically, the BARCHRIS Prospectus dated May 16, 1961, referred to in subparagraph (a) of paragraph 11 of this complaint did, at the date thereof, to wit, May 16, 1961, contain statements which were materially false and omitted material facts necessary in order to make the statements made therein, in light of the circumstances under which they were made, not misleading."

The amendment did not introduce a new issue or change the nature of the action. The amended answer of defendant Kircher is directed to this clarification. The amended pleadings reflect the normal expansion and definition of issues that occur in a case of this type. See Connecticut General Life Ins. Co. v. Breslin, 332 F.2d 928, 931 (5th Cir. 1964); Sleeman v. Chesapeake & O. R. R., supra; New Hampshire Fire Ins. Co. v. Perkins, 28 F.R.D. 588 (D.Del.1961) (alternative holding); Reeves v. Pennsylvania R. R., 9 F.R.D. 487 (D.Del. 1949).

Motion denied. So ordered.