465 P.2d 380

Andrew J. EVANS and Mary R. Evans, husband and wife, Appellants,

v.

William LUNDGREN, Charles J. Speros, Executive Properties, Inc., an Arizona corporation, Appellees.

No. 1 CA–CIV 1026.

Court of Appeals of Arizona, Division 1, Department B.

Feb. 11, 1970.

Rehearing Denied March 5, 1970.

Review Denied April 7, 1970.

**442**

Lawrence C. Cantor, Phoenix, for appellants.

Robert L. Smart, Phoenix, for appellees.

HAIRE, Judge.

Andrew J. and Mary R. Evans, appellants herein, brought an action against appellee Speros and various other defendants seeking rescission or, in the alternative, damages for fraudulent misrepresentations allegedly made concerning certain land transactions between the parties. The action was commenced by the filing of the complaint on September 24, 1963. After numerous delays and after an abortive first trial to a jury which ended in a mistrial, the matter finally came on for trial to the court on September 28, 1967, and at that time judgment was entered in favor of the defendant-appellee Speros and against the plaintiffs.

Thereafter plaintiffs filed a timely motion for new trial, which was denied by minute entry order dated February 5, 1968. On April 1, 1968, plaintiffs filed a notice of appeal, appealing from the minute entry order denying the motion for new trial and from the above-mentioned judgment. Because the order denying the motion for new trial had not been reduced to writing and filed with the Clerk of the Superior Court, this court determined that it did not have jurisdiction to hear the appeal, and pursuant to the authority of Eaton Fruit Co. v. California Spray-Chemical Corp., 102 Ariz. 129, 426 P.2d 397 (1967), reversed on other grounds, 103 Ariz. 461, 445 P.2d 437 (1968), entered an order suspending the appeal and authorizing further action by the Superior Court so that plaintiffs might obtain the entry of a final written order denying the above-mentioned motion for new trial. This formal written order was entered on April 14, 1969, and plaintiffs timely filed a supplemental notice of appeal. Additional procedural facts pertinent to the disposition of the questions raised on this appeal will be set forth as necessary in the discussion of plaintiffs' contentions.

In urging reversal, plaintiffs contend that the trial court erred (1) in trying the matter without a jury; (2) in failing to grant plaintiffs' request for a continuance; and (3) in permitting the matter to go to trial without the deposition of defendant Speros being taken as requested by plaintiffs' counsel. We have concluded that there was no error committed by the trial court on any of these grounds and that the judgment must be affirmed.

The jury trial question now urged by plaintiffs represents a classic example of the old cliché, "too little, too late". Prior to the abortive first trial, plaintiffs' counsel twice indicated that a jury trial was not desired.[1] Nor was any written request for a jury trial filed by any other party. However, apparently because of an oral request by defense counsel at the time of the pretrial conference, the pretrial order relating to this first trial did set the matter for trial to a jury on December 6, 1966. The matter actually came on for trial one day later, on December 7, 1966. At that time, defendant Speros moved for a continuance for the reason that he had just obtained new counsel. However his motion was denied and the trial proceeded against defendant Speros.[2] After one day of trial, plaintiffs'

---

1. First by motion to set and certificate of readiness filed December 15, 1964, and second by pretrial memorandum filed June 1, 1966.

2. All other defendants failed to appear and judgment by default was subsequently entered against them.

counsel became seriously ill, and the trial court declared a mistrial, and reset the matter for trial on February 27, 1967. On February 21, 1967, some six days before the scheduled trial date, plaintiffs consented to the withdrawal of their counsel and, although the record does not reflect any order of continuance, apparently the matter was continued. Thereafter on March 20, 1967, the trial court entered an order setting the matter for trial *to the court* on April 26, 1967. This order reflected that plaintiffs were again represented by counsel and recited, "The Record May Show, that counsel for the defendant has waived the matter of a Jury Trial." On April 20, 1967, again some six days prior to the scheduled trial date of April 26, 1967, upon stipulation between counsel for the parties, the matter was again continued and reset for trial on May 24, 1967. On May 22, 1967, two days prior to the scheduled May 24th trial date, there was another continuance, this time to June 28, 1967. Prior to June 28, 1967, plaintiffs on June 19, 1967, again consented to the withdrawal of their counsel and this apparently resulted in another continuance. In any event, on July 20, 1967, the court entered an order resetting the matter for trial on September 28, 1967.

All of the above-mentioned trial dates subsequent to the December 8, 1966, mistrial were scheduled for hearing in Division 14 before The Honorable Edwin Thurston, with a jury trial scheduled only for the February 27, 1967, hearing. On the *afternoon before* the September 28, 1967 hearing date, plaintiff Andrew J. Evans *in propria persona* [3] filed an affidavit of bias and prejudice pursuant to A.R.S. Sec. 12–409, subsec. B, par. 5, thereby disqualifying Judge Thurston. Because of this disqualification, at 10:00 a. m. on the next day, which was the day set for the trial, Judge Thurston entered an order transferring the matter to another division of the Superior Court which was then available, for trial commencing at 10:30 a. m. that same morning.

The Honorable Jack D. H. Hays was the judge presiding over the division to which the matter was transferred, and the minute entries of that division indicate that in chambers immediately before trial plaintiff Andrew J. Evans moved for another continuance, but that counsel for defendant Speros objected. After examining the file, the court noted that the file showed that the above-mentioned consent and order for withdrawal of counsel was entered on June 19, 1967, and on the basis of the record the court denied the motion. The matter then proceeded to trial to the court without a jury, with defendant Speros (by counsel) and plaintiff Mary R. Evans making statements to the court. Defendant Speros was sworn and testified, and various exhibits were marked and admitted into evidence, apparently relating to a cross-claim of defendant Speros against the other defendants. The plaintiffs, although present in court, failed to introduce any evidence in support of their complaint. The court then granted defendant Speros' motion for judgment, and formal written judgment in his favor was subsequently entered.

As previously stated, after the entry of judgment, plaintiffs moved for new trial. The grounds stated in the motion for new trial were as follows:

"1. Irregularity in the proceedings of the Court or any order or abuse of discretion whereby the moving party was deprived of a fair trial;

"2. That the decision or judgment is not justified by the evidence or is contrary to law;

"3. That the Court abused its discretion in not granting a continuance to Plaintiffs who were without counsel at the time of trial and who were unable to take the oral deposition of Defendant Speros due to his failure to appear at a stated time and place and Plaintiffs were unable to complete their discovery, therefore not able to be fully prepared."

3. Plaintiff Andrew J. Evans is a retired attorney admitted to practice in the State of Colorado.

The Arizona Constitution provides that the right to trial by jury shall remain inviolate. Ariz.Const. art. 2, sec. 23, A.R.S. However, this does not mean that this right is absolute and may not be waived by a party. The same constitutional section authorizes provision by law for the waiving of the jury in civil cases if the parties consent thereto. In our Rules of Civil Procedure, provision is "made by law" setting forth the conditions which are deemed to amount to a waiver. See Rules 38 and 39, Rules of Civil Procedure, 16 A.R.S. From the above rather detailed recitation of the facts, it is apparent that none of the parties ever demanded a jury trial in writing as required by Rule 38(b).[4] In fact, as previously noted, counsel for plaintiffs twice expressed in writing a desire to waive trial by jury. Since written demand was not served and filed by either party as required by Rule 38(b), the provisions of Rule 38(d) and 39(a)[5] requiring the consent of the parties prior to the withdrawal of jury trial previously demanded do not apply.

Further, and more important in this case, any right of plaintiffs to a jury trial was clearly waived. They had been advised by minute entry order dated March 20, 1967, that defendants had waived a jury trial and that the matter would be tried to the court. Approximately six months later the matter came on for trial. At no time during this intervening period did plaintiffs object to trying the case to the court without a jury nor did they affirmatively request a jury trial. Further, although at the time of trial plaintiffs made a motion for continuance based upon their failure to obtain counsel, they did not in any way at that time urge as an objection the fact that the matter was to be heard by the court rather than by a jury. Finally, this question relating to a jury trial was not even raised in plaintiffs' motion for new trial. Although plaintiffs had ample opportunity to present their objections to the trial court, nowhere in the record is there any indication that this claimed error was brought to the trial judge's attention so that he might have the opportunity to avoid the error, if any. By failing to raise the question in the trial court, plaintiffs waived the right to urge it on this appeal. Milan v. Milan, 101 Ariz. 323, 419 P.2d 502 (1966); Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136 (1963); and O'Donnell v. First National Bank, 93 Ariz. 17, 378 P.2d 244 (1963).

The case of Stukey v. Stephens, 37 Ariz. 514, 295 P. 973 (1931), relied upon by plaintiffs is not in point. In that case, not only had the plaintiff filed a written demand for a jury trial as required by the statute then in effect, but in addition, the appellant at the time of trial specifically objected to proceeding to trial without a jury. Similar fact situations were also involved in Smith v. Rabb, 95 Ariz. 49, 386 P.2d 649 (1963);

4. "Demand. Any person may demand a trial by jury of any issue triable of right by jury. The demand may be made by any party by serving upon the other party a demand therefor in writing at any time after the commencement of the action, but not later than the date of setting the case for trial or ten days after a motion to set the case for trial is served, whichever first occurs. The demand for trial by jury may be endorsed on or be combined with the motion to set, but shall not be endorsed on or be combined with any other motion or pleading filed with the court."

5. "Waiver. The failure of a party to serve a demand as required by this Rule and to file it as required by Rule 5(g) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

"Trial by jury. When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless:

"1. The parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury, or

"2. The court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist."

Mozes v. Daru, 4 Ariz.App. 385, 420 P.2d 957 (1966); and Wiseman v. Young, 4 Ariz.App. 573, 422 P.2d 404 (1967).

The second contention urged by plaintiffs is that the trial court erred in failing to grant a further continuance. Rule 42(c), Rules of Civil Procedure, 16 A.R.S., provides that when a matter has been set for trial on a specified date, no postponement shall be granted except for sufficient cause, supported by affidavit, or by consent of the parties or operation of law. Plaintiffs' oral motion made at the time set for trial did not comply with the requirements of this rule. However, from the contents of the minute entry order denying the motion and the subsequent judgment, it is apparent that the trial court did not rely upon the technical insufficiency of plaintiffs' motion, but rather considered it upon its merits and denied it in the exercise of sound judicial discretion. The recitations in the minute entry order, the judgment, and the statements in the briefs on appeal indicate that the only ground urged at the time of the making of the motion for continuance was that plaintiffs were without counsel. In reviewing the file, the trial court could not help but notice that subsequent to the first trial, this matter had been set for trial on February 27, 1967, and was continued; it was reset for April 26th, but again continued. The next setting was for May 24th, but again a continuance resulted. It was then set for June 28th. However, approximately one week prior to that date plaintiffs consented to the withdrawal of their counsel and there was another continuance to September 28, 1967. On the September 28th trial date counsel for defendant-appellee Speros was present with witnesses ready for trial. Although all of these prior settings had been for trial to Judge Thurston, plaintiffs did not file their affidavit of bias and prejudice against him until the afternoon of September 27th, and defendant's counsel was not apprised of the filing until he appeared the next morning ready for trial. A motion for continuance is addressed to the sound, judicial discretion

of the trial court predicated on good cause shown. Nordale v. Fisher, 93 Ariz. 342, 380 P.2d 1003 (1963). In view of all of these facts, including the fact that plaintiffs consented to the withdrawal of their counsel and had had three months to obtain new counsel, we do not believe that the trial court in any way abused its discretion by denying the motion for continuance.

In their reply brief, plaintiffs for the first time urge, as an additional reason why a continuance should have been granted, the alleged failure of Judge Thurston to comply with A.R.S. Sec. 12–411 relating to the selection of a new judge after the filing of an affidavit of bias and prejudice. The only legitimate function of a reply brief is to *reply* to matters raised in the appellee's brief, and not to raise entirely new arguments or issues. See Rule 5(e), Rules of the Supreme Court, 17 A.R.S.; Evans v. Federal Savings & Loan Insurance Corp., 11 Ariz.App. 421, 464 P.2d 1008 (filed February 5, 1970). However, notwithstanding this procedural irregularity, we will briefly discuss the merits of this contention. A.R.S. Sec. 12–411 provides as follows:

"A. Not more than one change of venue or one change of judge may be granted in any action, but each party shall be heard to urge his objections to a county or judge in the first instance.

"B. A change of venue or judge shall be to the most convenient county, or judge, to which the objections of the parties do not apply or are least applicable.

"C. If the parties agree upon a county or judge, such county or judge shall be selected."

Plaintiffs complain that "[n]othing shows that the court in transferring the cause permitted the parties to have an opportunity to object to the court to whom the transfer was made." Actually it is clear from the record that plaintiffs did have such an opportunity. There is no indication that plaintiffs were in any manner prevented from presenting any objections they had. They were present and had

such opportunities before both Judge Thurston and Judge Hays. As previously indicated herein, the parties to litigation have an affirmative obligation to raise their objections in the trial court, and cannot sit back and later, on appeal, dilatorily raise "after the fact" questions in an attempt to upset adverse judicial determinations. A.R.S. Sec. 12–409, subsec. A expressly requires that the disqualified judge "* * * shall at once transfer the action to another division of the court * * *." This was exactly what the trial judge did in this case.

Plaintiffs' third question raised on appeal, is "Did the court err in permitting the case to go to trial without the deposition of the opposite party being taken when said was requested by the plaintiffs?" The record indicates that in September 1966, prior to the first trial in this matter, plaintiffs' counsel served notice of the taking of defendant Speros' deposition. For some reason which is not apparent from the record before us, defendant Speros, who was outside this state at that time, refused to appear for the deposition. On December 9, 1966, the day after the mistrial was declared in the first trial, plaintiffs' counsel filed a motion praying that the court find defendant Speros in contempt for this failure to attend the taking of his deposition. It should be noted that approximately three months expired between the time of the refusal to appear for the taking of the deposition and the filing of plaintiffs' motion for a contempt citation. Further, subsequent to the filing of the motion almost two years elapsed from the time of the filing until the time of the trial on September 28, 1968. Yet, during this intervening period plaintiffs made no effort to obtain a hearing date for this motion.

Here again, plaintiffs have completely failed to properly raise this issue in the trial court prior to the trial. While the question is urged on appeal as an additional grounds for granting of the motion for continuance, the only basis urged before Judge Hays was that plaintiffs were without counsel. While plaintiffs now urge that the taking of the defendant Speros' deposition was of vital necessity for proper trial preparation, they waited almost two years through five separate trial settings without making any effort to obtain from the trial court a ruling on their motion. Rule 37(d), Rules of Civil Procedure, affords ample sanctions against a party who willfully fails to appear for the taking of his depostion. Whether or not the sanction applied for by plaintiffs in December 1966 is available under this rule, or whether or not any other sanctions which admittedly are available under such rule should have been applied in this case, constitute questions which are not before us. Rather, the only issue raised by plaintiffs is whether or not the motion for continuance should have been granted so as to give plaintiffs the opportunity to take defendant Speros' deposition. In view of the plaintiffs' demonstrated lack of diligence we do not believe that it would have been an abuse of the trial court's discretion to deny the motion for continuance even if this ground had been urged by plaintiffs at the time of trial. *A fortiori,* it was not an abuse of discretion when the argument was not even presented, and should not be considered further on this appeal.

The judgment of the trial court is affirmed.

EUBANK, P. J., and JACOBSON, J., concur.