552 P.2d 767

APACHE PLAYTIME, INC., an Arizona Corporation, and Arnold G. Mies, dealing with his sole and separate property, Appellants,

v.

UNIVERSAL PLAYTIME, INC., an Arizona Corporation, R. James LaMarche and Jane Doe LaMarche, his wife, and Alton G. Milstead and Jane Doe Milstead, his wife, Appellees.

No. I CA–CIV 2913.

Court of Appeals of Arizona, Division 1.

July 20, 1976.

Berry & Herrick, P.A., by Richard S. Berry, Tempe, for appellants.

Hill & Savoy, by Dennis J. Curran, Phoenix, for appellees.

OPINION

HATHAWAY, Judge.

Appellants claim that the trial court improperly denied them a jury trial. We agree and therefore reverse.

Appellants-plaintiffs filed their original complaint on January 21, 1974, asserting against appellees-defendants five specific claims for relief, three pertaining to appellant Apache Playtime and two pertaining to appellant Mies. The complaint as to both appellants sought damages for fraud in that the appellees allegedly misrepresented the profits and gross sales of the respective businesses when they were sold to the appellants. Appellants alternatively sought rescission of the contracts. On February 13, 1974, appellees filed an answer, counterclaim and cross-claim. There was a counterclaim against Apache Playtime and Mies for malicious prosecution and a counterclaim and cross-complaint

against Apache Playtime and the Magys which in essence asked for a forfeiture of their interests in an agreement of October 15, 1973, and judgment on the promissory note executed in conjunction with the agreement. A responsive pleading was filed by the appellants on February 19. On the same date, appellants filed a motion to set and a certificate of readiness wherein a jury trial was waived. On March 19, appellees filed an answer, first amended counterclaim and third-party complaint. A third counterclaim was added asking for the forfeiture of Mies' interest under the purchase agreement of September 13, 1972, the agreement for which rescission had been asked. A responsive pleading was filed by appellants on March 27 and on April 5, they filed a demand for trial by jury, which demand was denied after a hearing. Appellants renewed their request for a jury trial at the commencement of the trial, and it was again denied.

■ Although Art. 2, Sec. 23 of the Arizona Constitution guarantees that the right of trial by jury shall remain inviolate, the right may be waived by a party. *Leigh v. Swartz*, 74 Ariz. 108, 245 P.2d 262 (1952); *Evans v. Lundgren*, 11 Ariz. App. 441, 465 P.2d 380 (1970). While Rule 38(a), Arizona Rules of Civil Procedure, reiterates the constitutional privilege to a jury trial, Rule 38(b) provides:

"Any person may demand a trial by jury of any issue triable of right by jury. The demand may be made by any party by serving upon the other party a demand therefor in writing at any time after the commencement of the action, but not later than the date of setting the case for trial or ten days after a motion to set the case for trial is served, whichever first occurs. The demand for trial by jury may be endorsed on or be combined with the motion to set, but shall not be endorsed on or be combined with any other motion or pleading filed with the court."

Appellants filed a motion to set and certificate of readiness on February 19, and did not demand a jury trial. On April 5, the jury trial demand was filed. It is apparent that the demand was made later than ten days after the motion to set was served and therefore was not timely. Appellants raise the applicability of Rule 39(a). However, Rule 39(a) states:

"When trial by jury has been demanded as provided in Rule 38, . . ."

Since a jury trial was not demanded as Rule 38 requires, Rule 39(a) is, by its very language, not applicable.

■ The remaining contention of appellants is that if indeed there was a waiver of trial by jury, there was no waiver as to all the issues raised in the pleadings as finally amended, since when a new issue is raised by an amended pleading, a right to jury trial arises with respect to the new issue. *Hackin v. Pioneer Plumbing Supply Company*, 10 Ariz.App. 150, 457 P.2d 312 (1969). The test to be used in determining whether a new issue has arisen with sufficient clarity to require a jury trial is whether the basic nature of the case has been changed by the amendment. *Lanza v. Drexel & Company*, 271 F.Supp. 684 (S.D. N.Y. 1967); 5 Moore's Federal Practice, Paragraph 38.41 (2d ed. 1976).

Appellants argue that originally the counterclaim and third-party complaint filed by appellees sought relief for malicious prosecution alleging damage to the appellees' business reputation and good name with the filing of appellants' complaint and, for a forfeiture of appellants' interests under the October 15, 1973 agreement, the agreement which was the subject of the appellants' claim for fraud. Appellants therefore argue that the claim for relief to forfeit appellant Mies' interest under the September 13, 1972, purchase agreement was a new issue, entitling appellants to a jury trial thereon. This issue has been treated in a 9th Circuit decision in *Trixler Brokerage Company v. Ralston*

*Purina Company*, 505 F.2d 1045 (9th Cir. 1974). In that case, the court said:

"Finally, we hold that the presentation of a new *theory* does not constitute the presentation of a new *issue* on which a jury trial should be granted under F.R. Civ.P., Rule 38(b).

Manifestly, the *issue* contemplated by the Rule is one of fact. When read in context, the word *issue* must have been intended by the Supreme Court to mean nothing other than an issue of fact. Obviously, appellant would not be demanding a jury trial on an issue of law. A *theory* of recovery, as distinguished from an issue of fact, in normal parlance presents a question of law. Even a casual reading of the applicable subdivision of the Rule makes it clear that the *issue* on which demand may be made for a jury trial is not created until service of the 'last pleading directed to such *issue*.' The *theory* of a case relates to the ultimate basis of liability, rather than to an *issue* created by the pleadings. An *issue* of fact does not exist unless there is an allegation and a responsive denial. A *theory* of recovery exists from the outset, irrespective of a responsive pleading. A word, such as *issue*, with a fixed legal meaning is presumed to have been used in that sense. [citations omitted] Moreover, the use of the word *issue*, in these circumstances, would imply the exclusion of the word *theory*. [citations omitted]." 505 F.2d at 1050.

█ The amended counterclaim filed by appellees was a compulsory counterclaim under Rule 13(a), since the claim arose out of a transaction or occurrence that was the subject matter of the opposing party's claim. When appellees raised a new issue of the forfeiture of the original agreement and a responsive pleading was filed, a new "issue" was raised as discussed in *Trixler*, supra. All the evidence which would have been adduced in regard to the original counterclaim would not suffice to litigate the amended counterclaim with the addition of the third counterclaim therein.

In *Hackin*, supra, we held that the amended complaint was sufficiently different from the prior pleading so as to make the waiver of the jury trial not binding as to the amended pleading. To allow otherwise would place a premium on sloppy pleading, for a plaintiff might waive a jury trial after the defendant answers and counterclaims, only to have the defendant amend his answer and add more counterclaims. At that point, the trial court must grant the plaintiff's motion for a jury trial where it is renewed.

Appellants were entitled to a jury trial under the amended pleadings.

Reversed and remanded for further proceedings consistent herewith.

HOWARD, C. J. and KRUCKER, J., concurring.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. Sec. 12–120(E).