PRATHER, Justice,
for the Court:
The issue in this appeal is whether a jury request in county court may be withdrawn by the plaintiff without consent of the defendant after the issues have been joined. The suit filed in Adams County Court resulted in a plaintiff judgment without a jury trial. On appeal, the Adams County Circuit Court reversed the county court judgment, and granted a new trial with a jury. This trial resulted in a defendant’s verdict from which the plaintiff appeals. We affirm the circuit court.
Oliver Isaac, plaintiff below and appellant here, assigns as sole error that:
(1) The circuit court erred in reversing the prior judgment of the county court and ordering a new trial for failure of the county court to grant McMorris’ request for a trial by jury.
On June 30, 1979, the appellant, Oliver Isaac, and the appellee, Michael McMorris, were involved in an automobile collision in Natchez, MS. On August 22, 1979, Isaac filed a complaint against McMorris in the Adams County Court, seeking damages based upon McMorris’ alleged negligence in causing the collision. The complaint included a request for a jury trial. McMorris filed an answer on September 20, 1979, denying liability and counter-claiming for damages based upon Isaac’s alleged negligence in causing the collision. McMorris’ answer and counter-claim did not include a request for a jury trial.
On January 14, 1980, when the docket was called for the regular January term of county court, McMorris’ attorneys were not present. At the docket call, acting County Court Judge Robert Netterville announced that the court docket was critically overcrowded and requested that the Bar cooperate by agreeing to try their cases in front of members of the Bar acting as Judge by stipulation and by waiving a jury where possible. Isaac filed a withdrawal of his demand for a jury trial on the same day, *715 and the case was set for a trial without jury on January 24, 1980.
On January 17, 1980, McMorris filed a motion requesting leave to amend his answer in order to incorporate therein a demand for a trial by jury. Following a hearing, Judge Netterville overruled the motion on the grounds that, under Miss. Code Ann. § 9-9-33, a jury trial in a civil case was discretionary under the circumstances.
Following trial, the county court entered judgment for plaintiff/appellant Isaac in the amount of $5,506.94. Defendant/appel-lee McMorris appealed to the circuit court which reversed the judgment on the grounds that the county court should have granted McMorris’ request for a jury trial. Following a new trial in circuit court by jury, a verdict was rendered for McMorris, and final judgment entered thereon.
I.
The issue presented by this appeal is whether the circuit court erred in reversing the prior judgment of the county court based upon the county court’s refusal to grant McMorris’ request for a jury trial.
Article 3, Section 31 of the Mississippi Constitution provides that the right to trial by jury shall remain inviolate. This Court has interpretated that constitutional provision to apply to all cases where the right to trial by jury existed at common law. Carradine v. Carradine, 58 Miss. 286 (1880); Isom v. Mississippi Central R.R. Co., 36 Miss. 300 (1858). See also Brown v. Credit Center, Inc., 444 So.2d 358 (Miss.1983) (right to jury trial not denied where summary judgment granted); Walters v. Blackledge, 220 Miss. 485, 71 So.2d 433 (1954) (Workmen’s Compensation law not violative of right to trial by jury). Section 31 is limited by section 147 of the Constitution regarding cases wrongfully transferred from the circuit to chancery court. Talbot & Higgins Lumber Co. v. McLeod Lumber Co., 147 Miss. 186, 113 So. 433 (1927).
Likewise, the right of jury trial may be waived by the parties. To accommodate court docketing and procedure and to determine a party’s preference for a jury trial, section 9-9-33 sets forth that procedure, which provides in pertinent part:
Either party to a suit or proceeding in the county court may demand a jury but in civil cases the demand shall be made by the plaintiff, if made by him, with the filing of the declaration, and if made by the defendant, on the filing of his plea; in criminal cases if a jury is desired by either party the demand shall be made at the time the defendant is arraigned. But the court may, in its discretion, allow a jury trial for any cause arising after either of such events.
Appellant Isaac argues that the failure of McMorris to include a request for a jury trial when his initial pleading was filed constitutes a waiver of the right to a trial by jury. Appellee McMorris argues that the request for a jury trial included in Isaac’s complaint inured to the benefit of all parties and that, therefore, the right to a jury trial could not be withdrawn by one party without the consent of the opposing party.
The question presented is one of first impression before this court. A large number of other jurisdictions have statutes expressly stating that a party who has demanded a jury trial may not withdraw such a demand without the consent of the opposing party. Ex parte Merchants National Bank of Mobile, 257 Ala. 663, 60 So.2d 684 (1952); Padgett v. First Federal Savings & Loan Assn., 378 So.2d 58 (Fla.Ct.App.1979); Sewell v. Leifer, 144 Ga.App. 36, 240 S.E.2d 584 (1977); Heidler v. Heidler, 42 N.C.App. 481, 256 S.E.2d 833 (1979); Russell v. Hackett, 190 Tenn. 381, 230 S.W.2d 191, (1950); White Motor Co. v. Loden, 373 S.W.2d 863 (Tex.Civ.App.1964). See generally 90 A.L.R.2d 1162 (1963). The purpose of these statutes is to prevent a party who wishes to avoid a jury trial from trapping his opponent by initially demanding a jury and then, after the time has elapsed for his opponent to make a similar *716 demand, withdrawing the request. 90 A.L. R.2d at 1162.
Miss.Code Ann. § 9-9-33 does not expressly require consent to a withdrawal of a jury demand. Similar statutes in other jurisdictions have been judicially construed as impliedly requiring consent on the grounds that a demand for a jury trial by one of the parties rebounds to the benefit of the opposing party. Wiseman v. Young, 4 Ariz.App. 573, 422 P.2d 404 (1967); Huntsberry v. Millers Mutual Fire Ins. Co., 199 So.2d 196 (La.Ct.App.1967).
This Court concludes that once either party demands a trial by jury the opposing party may rely upon the request for the entire trial. Withdrawal of such request without the stipulation or consent of all parties may not be permitted.
' The Adams County Circuit Court judgment for the defendant/appellee is affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.
WALKER, P.J., and BOWLING, J., dissent.