NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

LISA HOWARD, *Petitioner/Appellant*,

*v.*

MARK HOWARD, *Respondent/Appellee.*

No. 1 CA-CV 24-0538 FC

FILED 03-06-2025

Appeal from the Superior Court in Maricopa County
No. FN2023-090130
The Honorable David E. McDowell, Judge

**AFFIRMED**

COUNSEL

Tiffany & Bosco, PA, Phoenix
By Kelly Mendoza, Audra Petrolle, Brendyn T. Edwards
*Counsel for Petitioner/Appellant*

Law Offices of Jodie D. Cuccurullo, Phoenix
By Jodie Cuccurullo
*Co-Counsel for Respondent/Appellee*

Reardon House Colton, PLC, Scottsdale
By Taylor S. House
*Co-Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

---

**P A T O N**, Judge:

¶1        Lisa Howard ("Wife") appeals from the superior court's dissolution decree and judgment for attorneys' fees.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Wife and Mark Howard ("Husband") married in 1997 and have three adult children together.  Wife petitioned for dissolution of marriage in January 2023, and served Husband with the petition that month.  That same month, Husband began voluntarily paying Wife $5,000 in monthly spousal maintenance and agreed to pay the community expenses.  In February 2024, the superior court entered the parties' stipulated temporary orders, requiring Husband to continue to pay various community expenses as well as pay Wife $5,000 in monthly spousal maintenance.  At the dissolution trial in May 2024, the parties disputed, as relevant here, spousal maintenance, the amount of reimbursement Husband was entitled to, Husband's income, Wife's attributable income, and attorneys' fees and costs.

¶3        In its May 2024 dissolution decree, the superior court awarded Husband reimbursement in the amount of $46,069.39 for community expenses paid post-petition that, after equalization of all awards, totaled $3,270.39 in Husband's favor.  The court ordered Husband to pay Wife $9,500 per month in spousal maintenance for three years.  In a subsequent judgment for attorneys' fees, the court granted Wife $24,728.48 in fees (of the nearly $80,000 she requested) based on the financial disparity of the parties, but did not award Wife all of her requested fees after determining some of her positions were unreasonable.

¶4        Wife timely appealed the dissolution decree and judgment for attorneys' fees.  We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(1)-(2).

**DISCUSSION**

¶5        In substance, Wife argues the superior court erred by: (1) awarding Husband reimbursement for community expenses he paid after the petition for dissolution was filed, (2) setting spousal maintenance at $9,500.00 per month for three years, and (3) only awarding her a portion of her requested attorneys' fees and costs.

## I.        The court did not abuse its discretion in awarding Husband reimbursement.

¶6        Wife petitioned for dissolution in January 2023 and the court ordered dissolution in May 2024.  Husband paid all of the community expenses during that sixteen-month period with his separate funds.  In his pretrial statement, Husband requested reimbursement for only ten of those sixteen months out of "fair[ness]" to Wife who was not working at the time she filed the petition.  He also paid Wife $5,000 per month in spousal maintenance during that time.  This arrangement was formalized in the February 2024 stipulated temporary orders.  The court found Husband was entitled to a credit of $46,069.39 for those payments towards community expenses subject to the court's equalization of all awards.  The $46,069.39 amount excluded the $5,000 per month in spousal maintenance, more than $30,000 Husband gave Wife for her attorneys' fees, as well as the additional six months of community expenses for which Husband did not seek reimbursement.  After equalization, Husband's award totaled $3,270.39.

¶7        Wife argues the court erred in awarding Husband $46,069.39 as reimbursement based on his payment of post-service community expenses because "Wife would have been unable to share in the community expenses" otherwise.  She contends the court should have retroactively applied those payments as spousal maintenance.  As a result, she also argues the $3,270.39 equalization award was error.

¶8        Absent an abuse of discretion, we will affirm the superior court's division of property.  *Hammett v. Hammett*, 247 Ariz. 556, 559, ¶ 13 (App. 2019).  As potentially applicable here, an abuse of discretion occurs "when the record . . . is devoid of competent evidence to support the decision."  *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009) (citations omitted).  We view the facts in the light most favorable to upholding the superior court's ruling.  *Ball v. Ball*, 250 Ariz. 273, 275, ¶ 1, n.1 (App. 2020).

¶9        The marital community is deemed to have terminated upon the service of a petition that results in a decree of dissolution.  A.R.S. § 25-211(A)(2).   When a divorcing spouse pays post-petition community

obligations, the presumption that those payments are a gift does not apply and the payments "must be accounted for in an equitable property distribution." *Bobrow v. Bobrow*, 241 Ariz. 592, 594, 596, ¶¶ 1, 19 (App. 2017). The requesting spouse has the burden of proving the amount of the reimbursement claim. *Andrews v. Andrews*, 252 Ariz. 415, 419, ¶ 19 (App. 2021). The court "may account for such payments in a variety of ways to achieve an equitable property division." *Huey v. Huey*, 253 Ariz. 560, 565, ¶ 18 (App. 2022).

**¶10** Here, Husband paid for post-petition community expenses and was thus entitled to have those payments accounted for in the court's property division. The court determined Husband should be reimbursed $46,069.39. This amount only accounted for ten of the sixteen months Husband paid community expenses, and excluded the $5,000 a month in spousal maintenance he paid Wife during that time, as well as the money he provided to her to pay for her attorneys' fees. These determinations inured to Wife's benefit, especially given that she requested Husband receive a greater reimbursement amount in her pretrial statement. Accordingly, Wife has not shown that the court erred by accounting for Husband's payments in the overall property division.

**¶11** Wife relies on *Barron* for her position that the court should not have reimbursed Husband for community expenses. *Barron v. Barron*, 246 Ariz. 580, 591, ¶ 43 (App. 2018), *vacated in part on other grounds*, 246 Ariz. 449, 452, ¶ 21 (2019). The superior court in *Barron* did not order the wife to reimburse the husband for the community expenses he had paid post-service of the petition. *Id.* at 591, ¶ 40. We affirmed that decision because the superior court's finding that "[w]ife would have been unable to share the expenses at issue absent spousal maintenance" was supported by the record. *Id.* at ¶ 43. But in *Barron*, the court's analysis turned on the fact that the wife could not afford to pay the community expenses; here, Husband was paying Wife $5,000 a month in spousal maintenance in additional to paying the community expenses.

**¶12** Wife does not dispute that Husband paid community expenses with his separate property after the date of service of the petition nor did she present any evidence that Husband intended the payments as a gift. *See Bobrow*, 241 Ariz. at 596, ¶ 15. Indeed, Wife acknowledged that Husband was entitled to some amount of reimbursement for his payments towards community expenses. As such, Wife has not shown that the court abused its discretion in awarding Husband reimbursement.

**¶13** Wife suggests that Husband was precluded from seeking reimbursement because, in the stipulated temporary orders, he was

"ordered and agreed to pay" for the community expenses and $5,000 per month in temporary spousal maintenance. She asserts that "[t]he agreement to pay the community expenses was in lieu of a higher temporary spousal maintenance amount." But her assertion is not supported by the record. To the contrary, the stipulated temporary orders stated that:

> The parties understand and acknowledge that the agreements set forth herein are temporary in nature and neither party shall be prejudiced in terms of taking a different position regarding the issues addressed herein at the time of trial.
>
> By entering this Stipulated Order, neither party shall be prohibited from at any time seeking relief from the Court at the time of trial regarding the issues addressed herein, except as may otherwise be specifically limited by this Stipulated Order.
>
> The agreements herein have been stipulated to for settlement purposes only and it shall not be assumed that any agreement herein constitutes an admission by a party that the obligations imposed on or received by either party are warranted.

Nothing in the temporary stipulated orders prohibited Husband from later seeking reimbursement.

¶14 Wife further argues that the superior court erred by not offsetting Husband's post-petition payments towards community expenses as retroactive spousal maintenance, also referred to as pre-decree spousal maintenance. But the court found that Wife waived this issue because "she made no argument at the Trial for pre-decree spousal maintenance."

¶15 Waiver is a question of fact and the superior court's finding of waiver is binding unless we conclude the finding is clearly erroneous. *Minjares v. State*, 223 Ariz. 54, 58, ¶ 17 (App. 2009). Wife did not challenge the superior court's waiver finding or argue it was clearly erroneous in her opening brief. The only reference to the issue in her briefing on appeal is in her reply brief, where she argues the superior court's waiver finding "is misplaced." But a reply brief "must be strictly confined to rebuttal of points made in the appellee's answering brief." ARCAP 13(c). Thus, Wife has waived any challenge to the superior court's finding that she waived her pre-decree spousal maintenance at trial on appeal. *See Evans v. Lundgren*, 11 Ariz. App. 441, 445 (App. 1970) ("The only legitimate function of a reply brief is to Reply to matters raised in the appellee's brief, and not to raise

entirely new arguments or issues."); *see also Harris v. Cochise Health Sys.*, 215 Ariz. 344, 349, ¶ 17 (App. 2007) ("Generally, 'an appellate court will not consider issues not raised in the trial court.'").

**¶16**    Wife also argues in her reply brief that the $46,069.39 was incorrectly calculated because it included the incorrect ten months by including expenses from the first six months after service of the petition for which Husband did not seek reimbursement for.  This is an entirely new argument, first raised in her reply brief on appeal, and is therefore waived. *See Evans*, 11 Ariz. App. at 445.

**¶17**    Because the court did not abuse its discretion in awarding Husband $46,069.39 in reimbursement, the court also did not err in including the $46,069.39 in its equalization of all awards.  Wife has shown no error in the court's award resulting in $3,270.39 in Husband's favor.

## II.    The court did not err in its spousal maintenance award.

**¶18**    Wife argues the court erred in awarding her spousal maintenance of $9,500.00 per month for three years, alleging that (1) two of the court's Section 25-319(A) findings were erroneous, (2) one of the court's Section 25-319(B) findings was erroneous, (3) the court's income determinations for Husband and Wife were erroneous, and (4) the court's finding that Wife was not entitled to indefinite spousal maintenance was erroneous.

### A.    The court did not err in its Section 25-319(A) findings.

**¶19**    The superior court may award spousal maintenance when any one of the five Section 25-319(A)(1)-(5) grounds are present. *See Cullum v. Cullum*, 215 Ariz. 352, 354, ¶ 11 (App. 2007).  Here, the court determined Wife was eligible for maintenance only under Section 25-319(A)(1), finding that she lacked sufficient property to provide for her reasonable needs.

**¶20**    Wife argues the court's determinations on two of the other Section 25-319(A) grounds were erroneous.  She challenges the court's finding that there was insufficient evidence that she lacks earning ability in the labor market to be self-sufficient, referring to Section 25-319(A)(2), and that she is not of an age that precludes the possibility of gainful employment adequate to be self-sufficient, referring to Section 25-319(A)(5).

**¶21**    In reviewing a spousal maintenance award, we review the record to determine whether evidence supports the superior court's determination that a spouse qualifies for maintenance under Section 25-319(A). *Boyle v. Boyle*, 231 Ariz. 63, 66, ¶ 11 (App. 2012).  "We will uphold

the court's factual findings unless clearly erroneous or unsupported by any credible evidence." *Valento v. Valento*, 225 Ariz. 477, 481, ¶ 11 (App. 2010).

**¶22** Substantial evidence supports both of the challenged findings. First, the record supports the court's finding that there was insufficient evidence that Wife lacks earning ability in the labor market to be self-sufficient. The court found Wife has a college degree, a teaching certificate, and a real estate license, which supports its finding that Wife has earning ability in the labor market to be self-sufficient. Second, the record supports the court's finding that Wife is not of an age that precludes the possibility of gainful employment adequate to be self-sufficient. The court found Wife was 56 years old at the time of the trial and considered Wife's own expert's testimony that "a lot of employers for retail positions like to hire people who are older. And jobs within the field of education, social work, social services are age friendly. They don't have a problem hiring people of older ages." This evidence supports the finding that Wife is not of an age that precludes the possibility of gainful employment adequate to be self-sufficient. We do not reweigh the evidence on appeal but rather will affirm the court's findings if supported by substantial evidence—even if conflicting evidence also exists. *Hurd*, 223 Ariz. at 52, ¶ 16.

**¶23** Wife asserts the amount and duration of spousal maintenance was dependent on the court only finding Wife eligible on one Section 25-319(A) ground. This is incorrect because once the court found any ground was present, Wife was entitled to an award. She would not have been entitled to a greater award if additional Section 25-319(A) grounds had been in her favor because the factors enumerated in Section 25-319(B), not the grounds enumerated in (A), govern the amount and duration of the award. *See Elliott v. Elliott*, 165 Ariz. 128, 136 (App. 1990).

**¶24** Because substantial evidence in the record supports the court's Section 25-319(A) findings, Wife has shown no error.

### B.     The court did not err in its Section 25-319(B) finding.

**¶25** If the court determines a spouse is entitled to an award of spousal maintenance under Section 25-319(A), it must then consider the thirteen factors set forth in Section 25-319(B) to determine the amount and duration of the award. *Helland v. Helland*, 236 Ariz. 197, 203, ¶ 28 (App. 2014). Here, the court made findings on all thirteen factors and awarded Wife $9,500 in spousal maintenance per month for three years. Of the court's findings on the thirteen factors, Wife only challenges its finding under Section 25-319(B)(9)—that she will be able to meet her own needs independently when she obtains employment—because her expenses

exceed any potential income. "We will uphold the court's factual findings unless clearly erroneous or unsupported by any credible evidence." *Valento*, 225 Ariz. at 481, ¶ 11.

**¶26**        The decree makes clear that the court considered all evidence relevant to the parties' reasonable financial needs, methodically addressing the evidentiary support for each of the thirteen factors set forth in Section 25-319(B)—including, importantly, the one factor Wife challenges. The superior court determined that Wife has a college degree, a teaching certificate, and a real estate license. Her present level of education and certifications supports the court's finding that she can work towards financial independence. And the court did not find proof of any permanent condition that would make it impossible for her to achieve financial independence. *See Huey*, 253 Ariz. at 564-65, ¶¶ 15, 17. The court also found that Wife made no effort to seek employment including the fact that she has not prepared a resume or applied for any open positions. In reviewing the award, we will not reweigh the evidence bearing on the reasonableness of the parties' living expenses.

**¶27**        Because the superior court is in the better position to determine whether the parties can meet their needs independently, and there is evidence to support its decision as to the challenged Section 25-319(B) factor, on the record presented, Wife has shown no error.

### C.        The court did not err in its imputation of income to both parties.

**¶28**        Wife argues the court's findings that Husband's income is $600,100 per year and Wife's imputed income is $20.03 per hour were erroneous. We consider whether sufficient evidence supports the court's conclusions regarding income. *See Pearson v. Pearson*, 190 Ariz. 231, 235 (App. 1997). "We will uphold the court's factual findings unless clearly erroneous or unsupported by any credible evidence." *Valento*, 225 Ariz. at 481, ¶ 11. Sufficient evidence supports the court's challenged income findings.

**¶29**        The record supports the court's finding that Husband earns $600,100 per year. Husband's expert prepared a report and testified as to that amount at trial. Husband's expert calculated that amount by averaging Husband's income for 2019, 2020, and 2023, but excluded 2021 and 2022 because "[t]hose years were extremely abnormal and not representative of future income." Wife argues the court's finding that Husband earns $600,100 per year was erroneous because that amount excluded income from 2021 and 2022 and Husband's income should instead be calculated at

$734,785.22. Wife's expert did not prepare a report but took issue with Husband's expert because the expert "chose to eliminate [Husband's] two best years and then took an average of the other three years[.]" The court determined Husband's income to be $600,100 per year. This determination, arrived upon after considering conflicting evidence, is supported by sufficient evidence. *Hurd*, 223 Ariz. at 52, ¶ 16. Even though conflicting evidence was presented, we do not reweigh the evidence but defer to the superior court's determination of witness credibility. *Id.* Accordingly, Wife has shown no error in the court's finding that Husband earns $600,100 per year.

¶30 The record also supports the court's decision to impute an income of $20.03 per hour to Wife. Wife had not sought employment at the time of the hearing and therefore had no income. Her own expert testified, however, that she could earn $18.36-$21.70 per hour as a social services manager. The midpoint of that range is $20.03 per hour—the amount the court imputed to Wife. It is true that Wife's expert testified that Wife would not initially obtain a manager position but instead a position that earns less. But Husband's expert testified that Wife could earn $25.00 per hour as a retail or customer service associate, and that imputing income to her as low as $17.00 per hour would be unreasonable. Although the court imputed a higher income to Wife than what Wife's expert indicated, it also imputed a lower income than what Husband's expert indicated. Again, when conflicting evidence is presented, we do not reweigh that evidence but defer to the court's determination of witnesses' credibility. *Hurd*, 223 Ariz. at 52, ¶ 16. Because the court's imputation of $20.03 per hour to Wife is supported by evidence in the record, we affirm.

¶31 Because evidence in the record supports the court's income findings, Wife has shown no error.

### D. The court did not abuse its discretion by not awarding indefinite spousal maintenance.

¶32 Wife argues she should have been awarded indefinite spousal maintenance. Wife's challenges to the findings relevant to spousal maintenance addressed in Sections II.A-C, *supra*, were challenges to specific findings of fact that we review for clear error. *Valento*, 225 Ariz. at 481, ¶ 11. But we review a spousal maintenance award generally for an abuse of discretion and will affirm if any reasonable evidence supports it. *Helland*, 236 Ariz. at 202, ¶ 22. Under Section 25-319(B), courts "may award spousal maintenance pursuant to the guidelines only for a period of time and in an amount necessary to enable the receiving spouse to become self-sufficient." A.R.S. § 25-319(B).

¶33        Wife claims the Rule of 65 required the court to award her indefinite spousal maintenance.  The Rule of 65 states: "When the age of the party seeking spousal maintenance combined with the marriage length exceeds 65 (age + marriage length as of the date of service of process of the dissolution or legal separation petition), the duration range *is within the court's discretion*."   Arizona Spousal Maintenance Guidelines V(B)(2)(b) (emphasis added).  In other words, when the Rule of 65 applies, a standard duration range based on the length of the marriage addressed elsewhere in the Guidelines does not apply.  The Rule of 65, however, does not mandate indefinite maintenance—it merely gives the court discretion to set the duration when it is applicable.

¶34        Here, the court found "no persuasive evidence justif[ying] spousal maintenance for an indefinite term."  It found that she "is college educated, has a teaching certificate, and real estate license," she does not suffer "from any physical or mental condition which would preclude her from being employed," and she "is still of employable age."   Further, the court's Spousal Maintenance Worksheet determined the standard duration range for spousal maintenance to be 12 to 96 months.  There is no showing that standard duration range was error, and an award of three years (36 months) is within the standard range.

¶35        The court did not abuse its discretion in setting Wife's award of spousal maintenance for a duration of three years.

## III.    The court did not err in awarding attorneys' fees.

¶36        "[A]fter considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings," the superior court may award reasonable attorneys' fees. A.R.S. § 25-324(A).  Here, the court awarded Wife $24,728.48 in reasonable attorneys' fees and costs out of the $79,456.97 she requested.  This was in addition to $30,000 that Wife had previously received from Husband for fees and costs.  The court did not award her all her fees and costs because it "found some of her positions unreasonable."  The court found that a waste claim Wife pursued "appears to have consumed at least $10,000.00 in fees for each party and lasted longer than was reasonable in this matter" before she voluntarily dismissed the claim.  Wife argues the court erred in finding her positions unreasonable and awarding her only a portion of her attorneys' fees and costs incurred.

¶37        We will not disturb a ruling on attorneys' fees absent an abuse of discretion. *In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 8 (App. 2008). On appeal, we do not reweigh the evidence but defer to the court's

determinations of witness credibility and the weight given to conflicting evidence. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998).

¶38 The court made its reasonableness determination after weighing the evidence. Wife included a waste claim in her petition. The court received evidence that "[Husband] failed to disclose his bank records" that were relevant to Wife's waste claim. But the court determined that "the records were provided between May 2023 and July 2023," reasoning that Wife's "July 2023 request for records" did not request any records relevant to her waste claim. The court apparently found this piece of evidence credible and gave it more weight than any evidence showing Husband failed to disclose his bank records until a later date. Yet Wife continued to pursue her waste claim until April 2024, one month before the trial, and at least nine months after the court determined she had received Husband's relevant bank records. Given the evidence, Wife has not shown the court abused its discretion in finding Wife took unreasonable positions in the litigation.

## IV. Husband is entitled to his costs on appeal.

¶39 Both parties request their attorneys' fees and costs on appeal under Section 25-324(A) and Arizona Rule of Civil Appellate Procedure ("ARCAP") 21(a). In our discretion, we decline to award fees. As the prevailing party, Husband is entitled to his taxable costs on appeal upon compliance with ARCAP 21(b).

## CONCLUSION

¶40 We affirm.

