THE ERVIN COMPANY, THE ERVIN COMPANY, APARTMENT
DIVISION, THE ERVIN COMPANY, d/b/a GEORGETOWN
WOODS APARTMENTS AND GEORGETOWN WOODS APART-
MENTS, DONNA L. COPELAND, AGENT v. GLADYS L. HUNT

No. 7527DC218

(Filed 6 August 1975)

1. Courts § 14— action before magistrate — counterclaim — jurisdiction
     In a summary ejectment action instituted before a magistrate, the
   magistrate correctly refused to hear defendant's counterclaim for
   damages of $300,000. G.S. 7A-219.

2. Jury § 1— failure to appear —waiver of jury trial
     Defendant waived her right to a jury trial in a civil action by
   failing to appear at trial.

3. Ejectment § 11— summary ejectment — judgment — dismissal of
   counterclaim
     The trial court properly entered judgment for plaintiff in a sum-
   mary ejectment action and properly dismissed defendant's counter-
   claim for damages for failure to state a claim for relief.

APPEAL by defendant from *Phillips, Judge.* Judgment en-
tered 9 December 1974 in District Court, GASTON County. Heard
in the Court of Appeals 9 June 1975.

Plaintiffs instituted an action in summary ejectment before
a magistrate to move defendant from an apartment owned by
plaintiffs alleging that defendant had failed to pay her rent.

Defendant, acting as her own attorney, filed an answer
and counterclaimed alleging proper payment of her rent and
seeking $300,000 damages for plaintiffs' alleged wilful and de-
liberate efforts to discredit and harass her.

The judgment of the magistrate dismissed the counterclaim
and ordered defendant to vacate the premises. Defendant gave
notice of appeal "to the District Court of the General Court of
Justice to place this case in the Superior Court Division because
of the amount of money being sought in damages stated in the
ANSWER and COUNTERCLAIM."

On 9 December 1974 the District Court, sitting without
a jury, made detailed findings of fact and conclusions of law
thereon and entered judgment dismissing defendant's counter-
claim, granting possession of the property to plaintiffs and
awarding damages to plaintiffs in the sum of $379.50 for
accrued rental for the use and occupation by defendant of the

property from 1 October 1974 to the date of the judgment. From the judgment entered defendant appealed, assigning error.

*Garland & Alala, by Terry G. Drum, and Jeffrey M. Guller, for plaintiff appellees.*

*Gladys L. Hunt, defendant appellant pro se.*

MARTIN, Judge.

For failure to comply with the Rules of Practice in the Court of Appeals, this appeal is subject to dismissal.

Nevertheless, we have carefully considered the merits of each of defendant's assignments of error.

Defendant has presented twenty-four questions in her brief. Her "argument" consists of an assertion that she is entitled to a new trial because of (1) the facts contained in her statement of the case, (2) many errors cited in the case, (3) the lack of evidence presented before the courts below, (4) her absence when the judgments were entered below, and (5) the lack of validity of the judgments.

[1-3] It suffices to say that (1) the magistrate correctly refused to hear defendant's counterclaim (G.S. 7A-219), (2) defendant received a trial de novo in the district court (G.S. 7A-228), (3) no motion was made to transfer the case to superior court in accordance with G.S. 7A-258, (4) defendant waived her right to a jury trial by failing to appear at trial *(Sykes v. Belk,* 278 N.C. 106, 179 S.E. 2d 439) and (5) the trial court properly dismissed defendant's counterclaim for failure to state a claim upon which relief could be granted.

We have reviewed the record proper and are of the opinion that the judgment in this case is regular in form, that the facts found by the court support the conclusions of law in the judgment, and that no prejudicial error appears therein.

Affirmed.

Judges CLARK and ARNOLD concur.