JOHN HEIDLER v. BONNIE HEIDLER

No. 7821DC1038

(Filed 31 July 1979)

**Rules of Civil Procedure §§ 38, 39 — jury trial demanded — failure to appear not withdrawal of demand**

Taken together, G.S. 1A-1, Rules 38(d) and 39(a), provide that once any party to an action makes a timely demand for a jury trial, the trial of all issues so demanded shall be by jury unless all parties who have pleaded or otherwise appeared in the action, or their attorneys of record, affirmatively consent by oral or written stipulation to trial by the court without a jury or the court finds that no jury trial right exists as to some or all of the issues, and these

*rules do not provide that failure to appear at the trial constitutes consent to a withdrawal of a valid jury trial demand.*

APPEAL by plaintiff from *Harrill, Judge.* Judgment dated 11 August 1978 entered in District Court, FORSYTH County. Heard in the Court of Appeals 25 June 1979.

This is an appeal from judgment awarding defendant-wife alimony and a judgment for money loaned upon her counterclaim against the plaintiff-husband in his action for absolute divorce. Plaintiff instituted the action on 14 March 1977 by filing a verified complaint seeking absolute divorce alleging that plaintiff was a resident of Forsyth County, North Carolina and the defendant was a resident of Frankfort, Illinois; that plaintiff had been a resident of North Carolina for more than six months; that plaintiff and defendant were married 12 March 1970, and thereafter lived together as man and wife until they separated on 31 August 1974; that since 31 August 1974 they had lived separate and apart; and that no children were born of the marriage.

By answer filed 12 May 1977, defendant admitted plaintiff's allegations except that she denied that the separation occurred by mutual agreement, alleging that she had been forced to separate herself from the parties' home by the conduct of the plaintiff. Defendant counterclaimed for alimony on the grounds of indignities to her person committed by plaintiff rendering her condition intolerable and life burdensome, constructive abandonment, and adultery. Defendant alleged that she was the dependent spouse and that the plaintiff was the supporting spouse. In a Second Counterclaim defendant alleged she had made loans to plaintiff totalling approximately $50,000 which he had failed to repay. She prayed that plaintiff be required to repay this money. At the end of her answer defendant stated "Defendant demands Trial by Jury." On 13 June 1977 plaintiff filed a verified reply denying the allegations of defendant's counterclaims.

On 19 February 1978 plaintiff's attorney in the action filed a Motion to Continue and Motion to Withdraw requesting that he be allowed to withdraw as attorney of record for the plaintiff and that plaintiff be given a continuance "until such time as he can retain counsel to defend this matter on his behalf." The plaintiff's attorney based the motions on the following allegations:

1. He is attorney of record in the above-entitled action in that he has filed on behalf of the plaintiff a Complaint for an absolute divorce based on one year's separation, a Reply to Motion for Alimony Pendente Lite and Counsel Fees and a Reply to Answer and Counterclaim.

2. On November 20, 1977, this attorney was informed by the plaintiff that he was in Paris, France, and had been there for three months at that time. No indication was given as to when the plaintiff would return to the United States.

3. The letter from plaintiff informing the petitioner of plaintiff's whereabouts was in response to a letter written November 1, 1977, wherein the attorney asked the plaintiff to sign a stipulation to allow this attorney to withdraw from this action.

4. On December 27, 1977, the petitioner-attorney wrote a letter to the plaintiff, mailing it to the address shown on the plaintiff's letter of November 20, 1977, and bringing to the attention of the plaintiff again the differences which had arisen in this matter between the plaintiff and this attorney as to the manner in which the case should be prosecuted and defended.

5. To this date, this attorney has heard nothing one way or the other from the plaintiff concerning when he will be in the United States or whether he will voluntarily allow the attorney to withdraw from this action.

6. The differences which have arisen between the plaintiff and this attorney in regard to prosecution of this action are substantial in that it is in the best interests of all parties concerned that the plaintiff be allowed a continuance of this matter until such time as he is back in the United States and can retain counsel who will handle this matter along the lines he dictates.

7. A copy of this Petition has been mailed to the defendant at his last known address by certified mail.

By order dated 6 March 1978 the trial court allowed plaintiff's attorney's motion to withdraw.

The matter was called for trial on 2 June 1978. Defendant appeared with counsel. Plaintiff did not appear. Defendant in open court waived trial by a jury. The defendant testified under oath.

The trial court entered a written judgment dated 11 August 1978. The court made findings of fact and concluded:

1. This Court has jurisdiction of the parties and of the subject matter.

2. The defendant, Bonnie Heidler, is a dependent spouse, and the plaintiff, John Heidler, is the supporting spouse.

3. The plaintiff abandoned the defendant on or about August 31, 1974.

4. The plaintiff has perpetrated cruelties and indignities upon the defendant without just cause or provocation emanating from the defendant.

5. The defendant, Bonnie Heidler, is entitled to alimony in the amount of $300.00 per month.

6. The defendant is entitled to counsel fees in the amount of $500.00.

WHEREFORE, it is ORDERED, ADJUDGED AND DECREED that:

1. The defendant is hereby awarded permanent alimony in the amount of $300.00 per month payable by the plaintiff to the defendant commencing June 5, 1978. Said $300.00 monthly permanent alimony shall be paid into the Clerk of Court of Forsyth County, North Carolina, commencing June 5, 1978, and continuing on the 5th day of each month thereafter and disbursed to the defendant at 420-D Manor Court, New Lennox, Illinois.

2. The plaintiff, John Heidler, shall pay to David A. Wallace, attorney for defendant Bonnie Heidler, $500.00 on or before July 1, 1978, as attorney's fees for the prosecution of the defendant's cause.

3. Judgment be entered for the defendant, Bonnie Heidler, in the sum of $16,504.02.

From the judgment plaintiff gave timely notice of appeal.

*Randolph and Randolph by Clyde C. Randolph, Jr., for the plaintiff appellant.*

*Pfefferkorn & Cooley by David A. Wallace and J. Wilson Parker for the defendant appellee.*

PARKER, Judge.

The plaintiff assigns error to the trial court's failure to submit issues of fact to a jury. The plaintiff contends that this failure constituted reversible error because plaintiff had not given his consent to the withdrawal of defendant's jury trial demand as required by G.S. 1A-1, Rule 38(d). We agree and reverse.

Rule 38(d) provides:

*Waiver.* —Except in actions wherein jury trial cannot be waived, the failure of a party to serve a demand as required by this rule and file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. *A demand for trial by jury as herein provided may not be withdrawn without the consent of the parties who have pleaded or otherwise appear in the action.* (Emphasis added.)

Rule 39(a) provides:

(a) *By jury.* When trial by jury has been demanded and has not been withdrawn as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless

(1) The parties who have pleaded or otherwise appeared in the action or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the minutes, consent to trial by the court sitting without a jury, or

(2) The court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes.

Taken together, G.S. 1A-1, Rules 38(d) and 39(a) provide that once any party to an action makes a timely demand for a jury trial, the trial of all issues so demanded shall be by jury unless all parties who have pleaded or otherwise appeared in the action, or their attorneys of record, affirmatively consent by oral or written

stipulation to trial by the court without a jury or the court finds that no jury trial right exists as to some or all of the issues. These rules do not provide that failure to appear at the trial constitutes consent to a withdrawal of a valid jury trial demand, and in this case the timely demand made in defendant's answer operated as a demand by the plaintiff also. *See, Bass v. Hoagland,* 172 F. 2d 205 (5th Cir., 1949).

New trial.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.