HARRY M. FRISSELL v. ELEANOR SUSAN LINDLEY FRISSELL

No. 8010DC37

(Filed 3 June 1980)

**Jury § 1.3; Rules of Civil Procedure § 38– permanent alimony – jury trial – waiver by failure to appear**

In addition to the waiver of right to jury trial established by G.S. 1A-1, Rules 38(d) and 39(a), a party may waive his right to a jury trial by failing to appear at trial. Therefore, plaintiff waived his right to a jury trial in a hearing on permanent alimony by his failure to appear at the hearing either personally or by counsel. The decision of *Heidler v. Heidler*, 42 N.C. App. 481, is overruled insofar as it is inconsistent with this opinion.

APPEAL by plaintiff from *Parker, John H., Judge.* Order entered 27 August 1979 in District Court, WAKE County. Heard in the Court of Appeals 16 May 1980.

On 13 March 1973 plaintiff began this action for absolute divorce on the grounds of one year's separation. Plaintiff alleged he was a resident of Wake County, North Carolina, and that defendant was a resident of Pennsylvania. Plaintiff did not request a jury trial in his complaint or reply.

Defendant answered, alleged a counterclaim for alimony without divorce, and requested a jury trial. On 16 June 1975, after hearing with both plaintiff and defendant represented by counsel, an order was entered finding facts, making conclusions of law, and ordering plaintiff to pay alimony pendente lite for the benefit of defendant. Thereafter, on 7 November 1975, defendant filed a motion for a contempt show cause order against plaintiff. A copy of this motion was served upon plaintiff's then attorney, Philip O. Redwine, of Raleigh, North Carolina. This motion was allowed the same date and plaintiff was ordered to appear on 9 December 1975 and show cause why he should not be punished for contempt for failing to comply with the alimony pendente lite order.

Meanwhile, the cause had been placed upon the district court trial calendar for Tuesday, 9 December 1975, for hearing on the question of permanent alimony. Defendant's counsel wrote plaintiff's counsel on 27 October 1975, advising him that the case was so calendared. On 30 October 1975, plaintiff's counsel, Mr. Redwine, wrote plaintiff notifying him that his case was set for 9 December 1975 on the question of permanent alimony. On 7 November 1975 both plaintiff and his counsel were again notified that the case was still scheduled for 9 December 1975. On 19 November 1975, plaintiff wrote Honorable Stafford G. Bullock, District Court Judge, acknowledging the receipt of a court order for his appearance at the 9 December 1975 contempt hearing. He also stated his work in Japan was more important to him than "being in Court in Raleigh, N.C. 9 Dec. 1975."

On 2 December 1975, Mr. Redwine filed a motion to be allowed to withdraw as counsel for plaintiff. This motion was allowed prior to the permanent alimony hearing. On 31 December 1975, an order (dated 29 December 1975) was filed, awarding defendant permanent alimony. This order recited that the alimony hearing was heard at the 9 December 1975 term of Wake

Frissell v. Frissell

County District Court. The hearing was conducted by the court without a jury. Although defendant's attorney was present and participated in the hearing, neither plaintiff nor counsel for him appeared. On 31 December 1975 the court adjudicated plaintiff was in contempt for failing to comply with the 16 June 1975 alimony pendente lite order.

On 25 June 1979, plaintiff filed a motion seeking to vacate the permanent alimony order filed 31 December 1975, contending the court erred in holding the proceeding without a jury. By order of 27 August 1979, the district court denied plaintiff's motion to vacate the alimony order, and plaintiff appeals to this Court.

*Ward and Smith, by J. Randall Hiner, for plaintiff appellant.*

*Broughton, Wilkins & Crampton, by Charles P. Wilkins and H. Julian Philpott, Jr., for defendant appellee.*

MARTIN (Harry C.), Judge.

The question raised on this appeal is whether plaintiff waived his right to a jury trial on the issue of permanent alimony. The district court, in its order denying plaintiff's motion to vacate the permanent alimony order, concluded as a matter of law that plaintiff had waived his right to a jury trial by his failure to appear, either personally or by counsel, when the issue of permanent alimony was decided by the district court.

Plaintiff insists there was no waiver of jury trial and relies upon *Heidler v. Heidler,* 42 N.C. App. 481, 256 S.E. 2d 833 (1979). In *Heidler,* the Court, of which this writer was a member of the panel, was faced with facts similar to those of the case at bar. Plaintiff husband brought an action for absolute divorce and his wife counterclaimed for alimony. Plaintiff was a resident of North Carolina; defendant lived in Illinois. Plaintiff did not request a jury trial in either his complaint or reply; however, defendant did ask for a jury trial in her answer. Plaintiff's counsel requested to withdraw as attorney for plaintiff and was allowed to do so. Thereafter the case came on for hearing with

defendant and her counsel present but plaintiff not appearing either in person or by counsel. Defendant waived her right to jury trial; the court heard the case without a jury and entered judgment awarding defendant permanent alimony. Plaintiff Heidler appealed, contending he was deprived of jury trial as he had not given his consent to the withdrawal of defendant's jury trial demand as required by N.C.G.S. 1A-1, Rule 38(d). The Court held that N.C.G.S. 1A-1, Rules 38(d) and 39(a), "do not provide that failure to appear at the trial constitutes consent to a withdrawal of a valid jury trial demand. . . ." *Id.* at 486, 256 S.E. 2d at 835.

This Court in *Heidler* was correct in its holding with respect to Rules 38(d) and 39(a). However, the Court did not consider grounds for the waiver of right to jury trial outside the Rules of Civil Procedure.

The Rules of Civil Procedure are not the exclusive authority on the question of waiver of right to jury trial. The Rules became effective 1 January 1970 and apply to all actions pending on that date. 1969 N.C. Sess. Laws ch. 803, § 1. *Sykes v. Belk*, 278 N.C. 106, 179 S.E. 2d 439 (1971), was tried at the 27 August 1970 session of Superior Court of Mecklenburg County. In *Sykes*, the plaintiffs contended the trial court erred in denying their timely motion for jury trial. In discussing waiver of jury trial, the Court stated:

> North Carolina Constitution, Art. I, § 19, guarantees to every person the "sacred and inviolable" right to demand a jury trial of issues of fact arising in all controversies at law respecting property.
>
> A party may waive his right to jury trial by (1) failing to appear at the trial, (2) by written consent filed with the clerk, (3) by oral consent entered in the minutes of the court, (4) by failing to demand a jury trial pursuant to G.S. 1A-1, Rule 38(b). Art. IV, § 12, North Carolina Constitution; *Driller Co. v. Worth*, 117 N.C. 515, 23 S.E. 427.

*Id.* at 123, 179 S.E. 2d at 449. By its reference to Rule 38(b), the Court obviously was aware of the provisions of the Rules con-

General Electric Co. v. Union

cerning jury trial waiver, and by its holding did not limit itself to the provisions of the Rules. In *Ervin Co. v. Hunt*, 26 N.C. App. 755, 217 S.E. 2d 93, *cert. denied*, 288 N.C. 511, 219 S.E. 2d 346 (1975), the Court of Appeals ruled that a party could waive trial by jury by failing to appear at trial, relying upon *Sykes*.

We hold that in addition to the waiver of right to jury trial as established by N.C.G.S. 1A-1, Rules 38(d) and 39(a), as set forth in *Heidler*, a party may waive his right to jury trial by failing to appear at trial. *Sykes v. Belk, supra*. Insofar as *Heidler* is inconsistent with this opinion, it is expressly overruled. Chief Judge Morris, Judges Parker and Martin (Harry C.), who constituted the Court in *Heidler*, join and concur in this holding.

Plaintiff Frissell, after proper notice, failed to appear at the 9 December 1975 hearing for permanent alimony. He thereby waived his right to trial by jury. With this holding we do not discuss the contention of laches on the part of plaintiff.

The trial court did not err in denying plaintiff's motion to vacate the order for permanent alimony.

Affirmed.

Judges WEBB and WELLS concur.