NANCY G. MORRIS v. WILLIAM L. ASBY, JR. AND WIFE, EVE ASBY

No. 801DC188

(Filed 16 September 1980)

**Jury § 1.3; Rules of Civil Procedure § 38– jury trial – waiver by failure to appear**

In addition to the waiver of right to jury trial as established by G.S. 1A-1, Rules 38(d) and 39(a), a party may waive his right to jury trial by failing to appear at trial; therefore, the trial court erred in holding that an earlier judgment was void because plaintiff was allowed to withdraw her request for a jury trial without the consent of defendants who were not present when the case was called for trial.

APPEAL by plaintiff from *Beaman, Judge.* Order entered 6 December 1979, District Court, DARE County. Heard in the Court of Appeals 28 August 1980.

Plaintiff brought this action seeking to impress a constructive trust on a mobile home, title to which she contends she is entitled. In her complaint, she asked for a jury trial. Defendants were served and filed an answer denying the material allegations of the complaint, pleading the statute of frauds and setting up a counterclaim for amounts due as rent and for other transactions between plaintiff and defendants. Plaintiff filed a reply denying that she owed defendants anything for rent but admitting that she owed William L. Asby, Jr., $450.

The matter was set for trial for the 31 October 1977 session of court. At that time counsel for defendants, on motion, was allowed to withdraw, and the court continued the matter to the 12 December 1977 Session of Civil District Court for Dare County. On 13 December 1977, at the request of defendant William L. Asby, Jr., the case was again continued. It was calendared for the 13 February 1978 session of court and notice was sent to defendants at their last known address by the Clerk of Superior Court of Dare County.

At the call of the calendar, plaintiff informed the court that she was ready to proceed. Defendant, William L. Asby, Jr., was present in person but without counsel and stated that he wished to retain as counsel the same counsel who had previously withdrawn and had made no attempt to retain other counsel.

Morris v. Asby

Defendant Eve Asby was not present. The court informed defendant, William L. Asby, Jr., that the case would be tried as soon as it could be reached.

At the time it was called for trial, 14 February 1978, at 10:00 a.m. neither defendant was present, although defendant, William L. Asby, Jr., had been informed by telephone at 7:15 a.m. that the case would be reached that morning.

Prior to presentation of evidence, the court allowed an amendment to the complaint praying for restitution based on *quantum meruit.*

From the evidence the court found facts and made conclusions of law, and entered judgment for plaintiff against the defendants for $5214 and for defendants against the plaintiff for $450.

According to the Record, defendant, William L. Asby, Jr., gave notice of appeal in open court. The appeal was not perfected, but the male defendant filed a petition for certiorari with this Court on 24 August 1978 in which he contended that the Court should issue the writ, because the Court allowed an amendment without notice to him, and because plaintiff was allowed to withdraw the case from the jury without his consent. We denied the petition, and the Supreme Court denied his petition for review of that denial.

Defendants then moved in the District Court for "relief from judgment" under G.S. 1A-1, Rule 60 (b), contending that the judgment entered was void because plaintiff was allowed to withdraw her request for a jury trial and that the defendants had a meritorious defense and their failure to appear to defend the action was the result of excusable neglect.

The court granted the motions, and the basis for the grant was that the judgment was void by reason of this Court's opinion in *Heidler v. Heidler,* 42 N.C. App. 481 (1979), and "defendants are therefore entitled to relief from said judgment pursuant to Rule 60(b)(4) of the North Carolina Rules of Civil Procedure." (Conclusion of Law No. 1). The Court further concluded

"the defendants have established no other grounds entitling them to relief from the operation of the judgment in this action." (Conclusion of Law No. 2). Plaintiff excepted to Conclusion No. 1 and appealed.

*White, Allen, Hooten, Hodges and Hines, by John M. Martin, for plaintiff appellant.*

*Carter, Archie and Grimes, by Samuel G. Grimes, for defendant appellee William L. Asby, Jr.*

MORRIS, Chief Judge.

It is apparent from the judgment itself that the court based its action in vacating the judgment of 14 February 1978 on *Heidler v. Heidler*, 42 N.C. App. 481, 256 S.E. 2d 833 (1979), the opinion which was filed 31 July 1979, after the motions to set aside were filed by defendants on 8 February 1979. The trial court correctly interpreted *Heidler* as holding that G.S. 1A-1, Rules 38(d) and 39 (a) "do not provide that failure to appear at trial constitutes consent to a withdrawal of a valid jury trial demand." On 3 June 1980, the opinion in *Frissell v. Frissell*, 47 N.C. App. 149, 266 S.E. 2d 866 (1980) was filed. There the judges who sat in *Heidler* joined the judges who sat in *Frissell* in holding that "in addition to the waiver of right to jury trial as established by N.C.G.S. 1A-1, Rules 38(d) and 39(a), as set forth in *Heidler*, a party may waive his right to jury trial by failing to appear at trial," upon the authority of *Sykes v. Belk*, 278 N.C. 106, 179 S.E. 2d 439 (1971), and *Ervin Co. v. Hunt*, 26 N.C. App. 755, 217 S.E. 2d 93, *cert. denied*, 288 N.C. 511, 219 S.E. 2d 346 (1975). This, of course, requires that we reverse the trial court's holding that the judgment of 14 February 1978 is void.

Defendants do not contend that the second conclusion of law, to wit: "The defendants have established no other grounds entitling them to relief from the operation of the judgment in this matter" is not supported by the findings of fact. No exception is made to this conclusion, and there is no cross assignment of error. Indeed defendants state in their brief: "Although defendants contend that there was ample other basis for the Court to award a new trial, the only basis given was that stated

in the Court's Conclusion of Law No. 1. Nothing else is before this Court." We, therefore, deem it unnecessary to discuss any other aspect of the case, and the judgment of the trial court is

Reversed.

Judges HEDRICK and WEBB concur.