JOHN HEIDLER v. BONNIE HEIDLER

No. 8021DC1148

(Filed 4 August 1981)

Appeal and Error § 68— mandate of Court of Appeals—binding effect on trial
    court
    Where the Court of Appeals held that plaintiff was entitled to a new trial
on defendant's counterclaim for alimony because the trial court failed to sub-
mit the issues of fact to the jury even though plaintiff did not appear for trial,
the mandate of the Court of Appeals was binding on the trial court, and the
trial court had no authority to reinstate the judgment of the original trial
without giving plaintiff a new trial although the decision in this case was
subsequently overruled by another decision of the Court of Appeals.

APPEAL by plaintiff from *Harrill, Judge.* Judgment entered 19 September 1980 in District Court, FORSYTH County. Heard in the Court of Appeals 26 May 1981.

Plaintiff husband filed an action for absolute divorce on 14 March 1977. Defendant wife counterclaimed for alimony without divorce and to recover certain sums allegedly advanced to plaintiff by defendant during the marriage. Plaintiff's original attorney of record was allowed to withdraw as counsel for plaintiff by order entered 6 March 1978. Plaintiff did not appear when the case was called for trial on 2 June 1978. Plaintiff had no counsel of record at that time. Defendant's counsel announced in open court that defendant waived trial by jury as demanded in her

answer and counterclaim. The trial court proceeded to hear the defendant's evidence without a jury.

On 11 August 1978 judgment was entered awarding the defendant permanent alimony in the sum of $300.00 per month, attorney's fees of $500.00 and a money judgment in the sum of $16,504.02. Plaintiff appealed to this Court assigning as error, *inter alia*, the trial court's failure to submit the issues of fact to a jury. This Court held, in *Heidler v. Heidler*, 42 N.C. App. 481, 256 S.E. 2d 833 (1979), that the trial court did so err. The opinion of this Court was filed in the Office of the Clerk of Superior Court of Forsyth County on 31 July 1979, and the judgment of this Court, certifying that opinion and expressly awarding to the plaintiff a new trial, was filed 21 August 1979.

On 3 June 1980 this Court filed its opinion in *Frissell v. Frissell*, 47 N.C. App. 149, 266 S.E. 2d 866 (1980), overruling the decision in *Heidler v. Heidler, supra*. On 3 July 1980 the defendant moved the trial court for an order reinstating the trial court's judgment of 11 August 1978. Prior to the trial court's ruling on the defendant's motion, the defendant filed a document with the clerk of this Court designated "Petition for Reconsideration or for a Rehearing in *Heidler v. Heidler,* No. 7821DC1038." On 24 July 1980 the trial court purported to enter an order granting the defendant's motion and reinstating the judgment originally entered 11 August 1978, and the plaintiff gave notice of appeal. On 6 August 1980 this Court denied the defendant's Petition for Reconsideration or for a Rehearing. When plaintiff's counsel became advised of the defendant's Petition for Reconsideration or for a Rehearing, a motion was filed pursuant to G.S. 1A-1, Rule 60(b) for relief from the trial court's order of 24 July 1980 on the ground that the defendant's filing of the petition removed the cause from the jurisdiction of the Forsyth County District Court and rendered it *functus officio*.

Following a hearing on 12 September 1980, the trial court ruled that it was in fact without jurisdiction to enter its order of 24 July 1980, but allowed defendant's renewed motion for re-entry of the trial court's judgment in the cause of 11 August 1978. From the order entered 19 September 1980, plaintiff appeals.

*House, Blanco & Randolph, P.A., by Clyde C. Randolph, Jr., and Reginald F. Combs, for plaintiff-appellant.*

*David A. Wallace for defendant-appellee.*

WELLS, Judge.

Plaintiff contends that the trial court erred in three respects in failing to comply with the order of remand entered in the previous appeal: (1) the trial court acted without authority in entering an order reinstating its prior judgment, which had been reversed by this Court with instructions for a new trial, without granting the plaintiff a new trial; (2) the previous decision of this Court reversing the judgment of the trial court was based upon a consideration of only one of plaintiff's five allegations of error, and the trial court effectively deprived plaintiff of judicial review of his four remaining allegations of error by reinstating the original judgment; and (3) this Court's decision in *Frissell v. Frissell, supra,* upon which the trial court's order of 19 September 1980 was based, was incorrectly decided. We will consider plaintiff's first and third contentions. It is not necessary to consider plaintiff's second contention.

We hold that the trial court erred in reinstating its order of 11 August 1978 and in failing to grant plaintiff a new trial. When the judgment of this Court in *Heidler v. Heidler, supra,* was properly certified to the Clerk of Superior Court of Forsyth County, it became the mandate of this Court. *See* Rule 32 of the N.C. Rules of Appellate Procedure. *See also* 1 McIntosh, N.C. Practice 2d §§ 62-66, at 35-45 (1956); 1 Strong's N.C. Index 3d, Appeal and Error, §§ 66-68.1, at 369-75. The mandate of this Court flowing from its judgment in *Heidler v. Heidler, supra,* is binding upon the trial court, requires the trial court to follow it strictly and without variation or departure, and leaves the trial court without authority to enter any judgment in the cause other than that ordered by this Court. *See D & W, Inc. v. Charlotte,* 268 N.C. 720, 152 S.E. 2d 199 (1966); *Gardner v. Gardner,* 48 N.C. App. 38, 44, 269 S.E. 2d 630, 633 (1980). Harsh as the result may seem in this particular case, our system of jurisprudence requires consistency of compliance by the trial courts with the mandates of our appellate courts, without exception. The mandate of this Court in *Heidler v. Heidler, supra,* entitles plaintiff to a new trial on all the issues

presented in the pleadings. The trial court's order of 19 September 1980 must be vacated and upon remand, a new trial must be granted.

The decision of this court in *Frissell v. Frissell, supra,* shall control upon remand: *i.e.,* should either party to this case not appear when the case is again called for trial, such non-appearance would constitute a waiver of that party's right to a trial by jury. *See also Morris v. Asby,* 48 N.C. App. 694, 696, 269 S.E. 2d 729, 731 (1980).

The result is:

The order of the trial court entered 19 September 1980 is

Vacated. The cause is remanded to the District Court of Forsyth County for a

New trial.

Judges HEDRICK and MARTIN (H.) concur.