ARLENE R. HARRIS v. HAROLD R. HARRIS

No. 8112DC1158

(Filed 6 July 1982)

1. **Appeal and Error § 16— delay of ruling on motion—attempted appeal— jurisdiction to decide motion**
    Plaintiff's attempted appeal from a non-appealable interlocutory order in which the trial court delayed ruling on plaintiff's motion for an assignment of wages was a nullity and did not deprive the trial court of jurisdiction to hear plaintiff's motion. G.S. 1A-1, Rule 54(b); G.S. 1-277(a).

---

---

2. **Divorce and Alimony § 19.5— separation agreement—amount of support—prior appellate decision—binding effect on trial court**

   A prior Court of Appeals decision affirming judgment for plaintiff wife in her action to enforce provisions of a separation agreement requiring defendant husband to pay plaintiff, as support, a sum equal to 50% of his Army retirement pay was binding on such issue, and the trial court had no authority to modify the terms of the separation agreement by reducing the percentage of defendant's military retirement pay to which plaintiff was entitled.

3. **Divorce and Alimony § 21— assignment of military retirement pay prohibited**

   An assignment to plaintiff wife of defendant husband's military retirement pay pursuant to a court-ordered specific performance of a separation agreement would conflict with federal law and threaten grave harm to substantial federal interests. G.S. 1A-1, Rule 70; G.S. 50-16.7(b).

APPEAL by plaintiff from *Hair, Judge.* Judgment entered 20 July 1981 in District Court, CUMBERLAND County. Heard in the Court of Appeals 10 June 1982.

Plaintiff brought an action to enforce a separation agreement wherein defendant agreed to pay plaintiff, as support for herself, a sum equal to fifty percent of his United States Army retirement pay each month for defendant's lifetime. At trial, plaintiff prevailed and defendant appealed to this Court. In an opinion published at 50 N.C. App. 305, 274 S.E. 2d 489 (1981), *disc. rev. denied* and *ap. dismissed,* 302 N.C. 397, 279 S.E. 2d 351 (1981), we affirmed judgment for plaintiff. A more detailed factual summary appears in that opinion. Following certification of that opinion to the trial court, plaintiff moved for an order of contempt for defendant's wilful failure to comply with the trial court's order to pay plaintiff the support due her, and for an order of specific performance by an assignment to plaintiff of fifty percent of defendant's military retired pay. Following a hearing on that motion, on 9 June 1981, Judge Hair found defendant in wilful contempt and ordered him confined to jail until defendant paid plaintiff the sum of $15,390.00, but delayed ruling on plaintiff's motion for assignment of wages. Plaintiff gave notice of appeal from that order on 17 June. In separate motions filed 19 June, defendant moved to dismiss plaintiff's appeal as being interlocutory, to set aside the contempt order and for a new trial on that issue. Pursuant to Rule 60 of the Rules of Civil Procedure, defendant also moved for an order setting aside, or in the alternative, amending the original judgment in plaintiff's favor, which was the subject of the previous appeal in this case. Plaintiff responded to that motion by

asserting *res judicata.* After a hearing, Judge Hair entered an order on 20 July modifying the separation agreement by reducing defendant's monthly support obligation to plaintiff to twenty percent of his military retirement pay, after taxes, and ordering defendant to execute an assignment of his wages to ensure payment to plaintiff of twenty percent of defendant's retirement pay after taxes. Plaintiff appeals from this ruling.

*William J. Townsend, for plaintiff-appellant.*

*Barringer, Allen & Pinnix, by Thomas L. Barringer and Frank M. Parker, Jr., for defendant-appellee.*

WELLS, Judge.

[1]   The first issue to be addressed in this appeal is whether, after plaintiff gave notice of appeal, Judge Hair had jurisdiction to dismiss plaintiff's appeal by order entered 20 July 1981. In support of her contention, plaintiff cites *Wiggins v. Bunch,* 280 N.C. 106, 184 S.E. 2d 879 (1971), *reh. denied,* 281 N.C. 317 (1972) and *Sink v. Easter,* 288 N.C. 183, 217 S.E. 2d 532 (1975), for the general proposition that an appeal takes the case out of the jurisdiction of the tribunal from which the appeal is taken. However, we find those cases to be inapposite.

One of the exceptions to the general rule cited in *Wiggins* is that "[a]n attempted appeal from a non-appealable order is a nullity and does not deprive the tribunal from which the appeal is taken of jurisdiction." *Utilities Comm. v. Edmisten, Attorney General,* 291 N.C. 361, 230 S.E. 2d 671 (1976); *Bizzell v. Bizzell,* 247 N.C. 590, 101 S.E. 2d 668 (1957), *cert. denied,* 358 U.S. 888 (1958), *reh. denied,* 358 U.S. 938 (1959); *Cox v. Cox,* 246 N.C. 528, 98 S.E. 2d 879 (1957). This case is factually similar to *Bizzell,* in that the portion of the Judge's order to which plaintiff's appeal relates is merely a retention for later ruling of one of plaintiff's motions. Thus, plaintiff's appeal was not from a final judgment, and was interlocutory. G.S. 1A-1, Rule 54(b); G.S. 1-277(a); *Leasing Corp. v. Myers,* 46 N.C. App. 162, 265 S.E. 2d 240 (1980); *ap. dismissed,* 301 N.C. 92 (1981); *see* Shuford, N.C. Civil Practice and Procedure, § 54-3 (2nd ed. 1981). We find that the trial court retained jurisdiction to hear plaintiff's motion to have defendant's military retirement pay assigned to her, and we overruled this assignment of error.

[2] Plaintiff's next assignment of error is that the trial judge lacked authority to modify the terms of the parties' separation agreement by reducing the percentage of defendant's military retirement pay to which plaintiff was entitled. We agree. The prior decision of this Court affirming judgment for plaintiff is binding on this issue. *See Complex, Inc. v. Furst and Furst v. Camilco, Inc., and Camilco, Inc. v. Furst*, 43 N.C. App. 95, 258 S.E. 2d 379 (1979); *disc. rev. denied*, 299 N.C. 120, 261 S.E. 2d 923 (1980); *see also Heidler v. Heidler*, 53 N.C. App. 363, 280 S.E. 2d 785 (1981). Judge Hair had no authority to modify defendant's obligations under the separation agreement, and his order so doing is vacated.

[3] The final issue before us is whether plaintiff is entitled to the remedy of specific performance by assignment of fifty percent of defendant's Army retirement pay. The legal and factual history of this case makes it plain that plaintiff's remedies at law are time-consuming, expensive, and inadequate. Plaintiff cites G.S. 1A-1, Rule 70 and G.S. 50-16.7(b), in support of her argument that defendant's military pay is "other income due or to become due" which defendant may be ordered to assign to plaintiff to secure payment according to the terms of the separation agreement.

The question, then, is whether defendant's Army retirement pay is "income" which can be assigned by order of a court of this state. In *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 59 L.Ed. 2d 1, 99 S.Ct. 802 (1979), the Supreme Court ruled that the Supremacy Clause precluded the application of California community property law to award a divorced wife an interest in her former husband's federal Railroad Retirement Act benefits. The Court's decision was based partly on a specific prohibition against assignment, garnishment, or attachment in the Railroad Retirement Act of 1974, 45 U.S.C. § 231 *et seq.*, as follows:

45 U.S.C. § 231m Assignability; exemption from levy

Notwithstanding any other law of the United States, or of any State, territory, or the District of Columbia, no annuity or supplemental annuity shall be assignable or be subject to any tax or to garnishment, attachment or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated. . . .

In the more recent case of *McCarty v. McCarty*, --- U.S. ---, 69 L.Ed. 2d 589, 101 S.Ct. --- (1981), the United States Supreme Court reversed a ruling of the California Supreme Court which had had the effect of upholding a dissolution decree entitling a divorced wife to 45 percent of her husband's Army retirement pay, which was included as part of the community property of the marriage. In reversing, the Court stated that "[m]ilitary retired pay differs in some significant respects from a typical pension or retirement plan . . . . [M]ilitary retired pay is reduced compensation for reduced current services." Citing legislative history, the court characterized military retirement pay as a *"personal entitlement* payable to the retired member himself as long as he lives," over which the service member may designate as beneficiary one other than a spouse or ex-spouse. The Court went on to state in *McCarty* that:

> [I]t is clear that Congress intended that military retired pay "actually reach the beneficiary." See Hisquierdo . . . [supra] *Retired pay cannot be attached to satisfy a property settlement incident to the dissolution of a marriage. . . .* Congress rejected a provision . . . that would have allowed attachment of up to 50% of military retired pay to comply with a court order in favor of a spouse, former spouse, or child. . . . (Emphasis added.)
>
> . . .
>
> Subsequently, comprehensive legislation was enacted. In 1975, Congress amended the Social Security Act to provide that all federal benefits, including those payable to members of the armed services, may be subject to legal process to enforce child support or alimony obligations. Pub L 93-647, § 101(a), 88 Stat 2357, 42 USC § 659 [42 USCS § 659]. In 1977, however, Congress added a new definitional section (§ 462(c) ) providing that the term "alimony" in § 659(a) "does not include any payment or transfer of property . . . in compliance with any community property settlement, equitable distribution of property, or other division of property between spouses or former spouses."

We are persuaded that under *McCarty*, supra, and *Hisquierdo*, supra, an assignment of defendant's military retirement pay pursuant to a court-ordered specific performance of a separation

agreement conflicts with the federal law and would threaten "grave harm to 'clear and substantial' federal interests." *McCarty*, supra. As unfortunate as such a result is, given that the equities of this case clearly lie with plaintiff, that portion of Judge Hair's order must also be and is vacated.

The effect of our opinion is that the original judgment in plaintiff's favor, as affirmed by us in our earlier opinion, remains in full force and effect.

Vacated.

Judges HEDRICK and ARNOLD concur.