BARRY GOBEL, Plaintiff,
v.
HORACE McKINNEY and EMILY MCKINNEY, Defendants.
No. COA05-78
North Carolina Court of Appeals
Filed February 7, 2006
This case not for publication
Davidson County No. 03 CVD 351.
Randy L. Cranford for plaintiff-appellee.
Jerry M. Smith for defendant-appellants.
HUDSON, Judge.
Following a dispute involving a construction agreement, plaintiff and defendants entered arbitration and the arbitrator entered an award for plaintiff in January 2002. In January 2003, plaintiff filed this action seeking to have the award reduced to a judgment for damages. Defendants filed a counterclaim, which the court dismissed on 22 October 2003. Defendants then filed a demand for arbitration and plaintiffs moved to stay arbitration and for injunctive relief, which motions the court granted on 13 September 2004. On 17 September 2004, the plaintiffs moved for summary judgment, which the court granted after a hearing on 8 October 2004. On 8 October 2004 at 9:09 a.m., prior to the summary judgment hearing, defendants filed notice of appeal from the court's prior orders dismissing their counterclaims and staying arbitration. Then, after the summary judgment hearing, at 11:00 a.m. on 8 October 2004, defendants filed notice of appeal from the grant of summary judgment. For the reasons below, we dismiss the appeal.
In their first argument, defendants contend that the trial court erroneously dismissed their counterclaims. Similarly, in their second assignment of error, defendants contend that the trial court erred in granting plaintiff's motions staying arbitration and for injunctive relief. We dismiss these assignments of error.
It is well-established that the Rules of Appellate Procedure are mandatory and that failure to comply with the rules subjects an appeal to dismissal. Viar v. N.C. DOT, 359 N.C. 400, 401, 610 S.E.2d 360, 360 (2005); Steingress v. Steingress, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999). Furthermore, "[i]t is not the role of the appellate courts [] to create an appeal for an appellant." Viar, 359 N.C. at 402, 610 S.E.2d at 361. Rule 28(b)(4) requires that appellant's brief contain a "statement of the grounds for appellate review," which "shall include citation of the statute or statutes permitting appellate review." Id. Defendants failed to include this required statement. Because defendants' first two assignments of error are not from the final judgment, but are from intermediate orders which were interlocutory at the time defendants filed their first notice of appeal, we conclude that the failure to include a statement of the grounds for appeal warrants dismissal ofthese assignments of error.
In their final argument, defendants assert that the trial court erred in granting summary judgment to plaintiff. Defendants contend that the trial court did not have jurisdiction to enter any further orders after defendants filed their notice of appeal of the court's earlier orders. As discussed, defendants filed their notice of appeal of the court's earlier orders on the morning of the summary judgment hearing, prior to the court's grant of summary judgment to plaintiff.
Generally, an appeal lies only from a final judgment and non-final orders are interlocutory and not immediately reviewable. See, e.g., Buffington v. Buffington, 69 N.C. App. 483, 317 S.E.2d 97 (1984). But where an interlocutory order affects a substantial right and the loss of such right would injure the appealing party if not corrected prior to final judgment, the order may be immediately appealed. N.C. Gen. Stat. § 7A-27 (2003); N.C. Gen. Stat. § 1-277 (2003); Travco Hotels, Inc., v. Piedmont Natural Gas Co., 102 N.C. App. 659, 403 S.E.2d 593, aff'd, 332 N.C. 288, 420 S.E.2d 426 (1992). Defendants correctly assert that generally an appeal stays all further proceedings regarding that case until the appeal has been decided. N.C. Gen. Stat. § 1-294 (2004). See also, e.g., Veazy v. Durham, 231 N.C. 357, 363, 57 S.E.2d 377, 382 (1950). However,
a litigant cannot deprive the [] Court of jurisdiction to try and determine a case on its merits by taking an appeal to the [Appellate] Court from a nonappealable interlocutory order . . . A contrary decision would necessarily require an acceptance of the paradoxical paralogism that a party to an action can paralyze the administration of justice in the Superior Court by the simple expedient of doing what the law does not allow him to do, i.e., taking an appeal from an order which is not appealable . . . . [W]hen an appeal is taken . . . from an interlocutory order . . . which is not subject to appeal, the [court] need not stay proceedings, but may disregard the appeal and proceed to try the action while the appeal on the interlocutory matter is [pending].
Veazy v. Durham, 231 N.C. 357, 363, 57 S.E.2d 377, 382 (1950). See also, Harris v. Harris, 58 N.C. App. 175, 292 S.E.2d 775 (1982), rev'd on other grounds, 307 N.C. 684, 300 S.E.2d 369 (1983) (holding that attempted appeal from nonappealable order is a nullity which does not deprive the court of further jurisdiction).
Here, defendants have not addressed the interlocutory nature of the appeal which was filed prior to the summary judgment hearing. Defendants' argument in this section of their brief only cites two cases in favor of the proposition that an appeal stays further proceedings, without addressing the issue of whether they had a right to interlocutory appeal of the court's prior orders. The defendants state that "[a]lthough there are certain limited exceptions to this well-established rule, none apply in the instant case," but do not cite any authority or discuss the issue further. Because the trial court was not required to stay the proceedings unless defendants had a right to appeal the interlocutory orders before final judgment, and because defendants fail to address this crucial issue, we dismiss this assignment of error as well.
Dismissed.
Judges ELMORE and LEWIS concur.
Report per Rule 30(e).